**STATE of Missouri, Plaintiff–Respondent,**

v.

**Terry J. THORNTON, Defendant–Appellant.**

**Terry J. THORNTON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 19599, 20217.

Missouri Court of Appeals, Southern District, Division One.

Aug. 8, 1996.

class B felony of first degree burglary, § 569.160, RSMo 1986; three counts of the class A felony of first degree robbery, § 569.020, RSMo 1986; and one count of the class C felony of possession of a controlled substance, § 195.202, RSMo Cum.Supp.1993. He was sentenced to concurrent terms of 15 years on the burglary count, 20 years on each of the robbery counts, and five years on the possession count.

Viewed in the light most favorable to the verdict, the facts are as follows. On October 24, 1993, three men and one woman from Arkansas arrived in Malden, Missouri, around 5:30 or 6:00 P.M. They were on their way to the home of Defendant's sister and brother-in-law to purchase cocaine. They saw Defendant on the street and he got into the car with them.

When they arrived at the house to purchase the cocaine, they were told that it was not ready and that they would have to come back later. It was then decided that two of the individuals would go back inside to physically take the cocaine. Defendant and two of the individuals stayed in the car as Defendant thought it would look bad if he went inside and robbed his own sister. Defendant told one of the individuals that was going inside that he wanted his brother-in-law's money. Defendant handed the individual a gun. The two individuals then went inside and proceeded to take money, drugs and jewelry from the people inside. They returned to the car and drove off.

Defendant's trial concluded and he was convicted on March 10, 1994. His sentencing was set for April 13, 1994. Approximately one week after his conviction Defendant escaped from the Dunklin County Jail, injuring a guard in the process. He was at large for more than two months at which time he was apprehended in the state of Georgia and returned to the state of Missouri. Defendant's sentencing was held on May 25, 1994. His notice of appeal was then timely filed on that same day.[1]

Gary E. Brotherton, Asst. Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Assistant Attorney General, Jefferson City, for plaintiff-respondent.

BARNEY, Judge.

Terry J. Thornton (Defendant) appeals from his jury convictions on one count of the

---

1. Appellant raises two points on direct appeal. He claims that the trial court erred in: 1) refusing to issue an alibi instruction to the jury; and 2) refusing to allow cross-examination of the co-defendants concerning the range of punishment to which they were subject before testifying against Defendant. He also appeals the denial of his Rule 29.15 motion. Those appeals have been consolidated herein.

■ On March 18, 1996, the State filed a motion to dismiss Defendant's appeal based on the escape rule. This motion was taken with the case on appeal. We sustain the State's motion and dismiss the current appeal.

■ The escape rule operates to deny the right of appeal to one who, following a conviction, attempts to escape justice. *State v. Wright,* 763 S.W.2d 167, 168 (Mo.App.1988). The escape rule applies equally to deny the right to postconviction relief. *Stradford v. State,* 787 S.W.2d 832, 833 (Mo.App.1990); *see also Hicks v. State,* 824 S.W.2d 132, 134 (Mo.App.1992).[2] There are several existing rationales for the escape rule: the need to maintain control over a defendant before a court renders its decision on an appeal; a defendant's extended absence creates administrative problems for an appellate court and almost certain prejudice to the state; and to preserve respect for the criminal justice system. *State v. Schleeper,* 806 S.W.2d 459, 460 (Mo.App.1991). Other reasons for the rule include: discouraging escape, encouraging surrender, and promoting the dignified operation of the appellate court. *Wright,* 763 S.W.2d at 168.

As stated in *Wright:*

Those who seek the protection of this legal system must ... be willing to abide by its rules and decisions. [The defendant] comes before this court seeking vindication of her ... rights. Earlier, however, when she absconded she showed her reluctance to accept the decision of the trial court or to await the vindication of her rights by this court. She may not selectively abide by the decisions of the courts. By absconding, she has forfeited her right to appeal.

2. It is recognized that the escape rule should not be applied to dismiss challenges to *post-capture* errors. *Robinson v. State,* 854 S.W.2d 393, 396 (Mo. banc 1993). A defendant who flees after conviction but before sentencing does not waive his right to appeal sentencing errors. *Id.* We note that in Defendant's First Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence he makes an allegation of trial counsel error at sentencing. However, he does not challenge this error on appeal and consequently this Court will not consider this allegation of error.

*Wright,* 763 S.W.2d at 168–69 (citation omitted).

■ The standard set forth by the United States Supreme Court in *Ortega–Rodriguez v. United States,* 507 U.S. 234, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), permits dismissal pursuant to the fugitive from justice rule only if the escape had "a significant interference with the operation of [the] appellate process." *Id.* at 250, 113 S.Ct. at 1209. The recent Missouri Supreme Court case, *State v. Troupe,* 891 S.W.2d 808, 811 (Mo. banc 1995), specifically rejected this standard[3] because it "allows a defendant potentially to gain by flouting the authority of the court." *Id.* Our Supreme Court declined to "adopt a rule that permits a defendant to benefit from his own misconduct." *Id.* Instead, *Troupe* sets forth the current standard in Missouri for dismissing an appeal based on the escape rule. The relevant inquiry in applying the escape rule "is whether the escape adversely affects the criminal justice system.... This determination is left to the sound discretion of the appellate tribunal." *Id.*

Application of the escape rule clearly requires a relationship between the escape and prejudice to the criminal justice system. *Troupe,* 891 S.W.2d at 810. However, that does not mean that the "rule may be applied by an appellate court only when the appellate process itself is substantially prejudiced." *Id.*

In the case at bar, Defendant escaped from the Dunklin County Jail, injuring a guard in the process, after he was convicted of the charges but prior to sentencing. In escaping he showed contempt for the authority of the court. He was at large for a period of more than two months. His criminal propensities posed a threat to those around him.

*State v. Gaines,* 807 S.W.2d 678 n. 1 (Mo.App. 1991).

3. The Missouri Supreme Court stated that it was not obligated to follow *Ortega–Rodriguez* because "[t]he Supreme Court [of the United States] decided *Ortega–Rodriguez* in the exercise of its supervisory power over the federal courts and not on the basis of any constitutional principle." *Troupe,* 891 S.W.2d at 810.

As a result of his escape the original date for sentencing was postponed until the Defendant was apprehended. The trial court's file on the case remained open. Items that belonged to the victims in this case could not be returned to them as a result of the delay effectuated by Defendant's escape. Defendant did not voluntarily return to custody. He had to be recaptured in the state of Georgia. We conclude that the State of Missouri and the county concerned absorbed additional monetary expense in transporting Defendant back into the jurisdiction. It is apparent that the Defendant's absence of more than two months caused prejudice to and adversely affected the criminal justice system. *See Troupe*, 891 S.W.2d at 811.

The State's Motion to Dismiss is sustained and Defendant's direct appeal is dismissed. Defendant's appeal from the denial of his Rule 29.15 motion is also dismissed.

MONTGOMERY, P.J., and GARRISON, J., concur.

