STATE of Missouri, Plaintiff–
Respondent,

v.

Steven SPRESTER, Defendant–
Appellant.

No. 23292.

Missouri Court of Appeals,
Southern District,
Division One.

July 19, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

A jury convicted Steven Sprester (Defendant) of stealing a credit card, a class C felony, § 570.030.3(c), RSMo Cum.Supp. 1998. Defendant appeals from that conviction and the sentence imposed. The State requests this court dismiss Defendant's appeal based on the "escape rule." We grant

the State's request and dismiss Defendant's appeal.

On January 25, 1999, a Jasper County jury convicted Defendant of stealing a Mastercard credit card. After the trial judge accepted the jury's verdict, the following colloquy occurred:

"BY MR. WALLACE [defense counsel]: Okay. Mr. Sprester would like a PSI.

"BY THE COURT: Okay. I'm going to show March 1 as the return date. It may not be that soon, but if it's sooner we can readjust. What is the bond in this case?

"BY MR. WALLACE: Judge, he posted a $3,500 surety bond and he's been making court appearances for over a year.

"BY MR. SMALLEY [prosecutor]: The State would ask that it be raised, Judge. He does have four prior felony convictions and he is looking at 20 years in prison. Obviously there's more of a flight risk now than what there was prior to trial. The State would ask you to raise the bond substantially.

"BY THE COURT: Are you employed, Mr. Sprester?

"BY MR. SPRESTER: I'm presently with Premier Health Care.

. . . .

"BY THE COURT: . . . How long have you worked there?

"BY MR. SPRESTER: Year and a half. I've got a baby boy 16 months old, I'm not going anywhere.

"BY MR. WALLACE: Judge, I think Mr. Sprester recognizes at this point that if he has any chance of mitigation on sentencing that cooperation with the probation officer as well as further appearance in court is paramount in importance. We'd just ask that the bond be continued and if it is raised that it not be raised too much.

"BY THE COURT: It looks like it's at $3,500 right now. I think what you say is true. On the other hand, I'm reluctant not to. I'm going to simply double it, which is $7,500."

The court then set Defendant's sentencing for March 5, 1999.

Defendant did not appear for sentencing on March 5, 1999; consequently, the trial court issued a capias warrant for his arrest on March 9, 1999. The capias warrant was executed September 13, 1999, in Jasper County after Defendant was returned to that county from Springfield, Missouri. On October 1, 1999, the trial court rescheduled Defendant's sentencing for October 22, 1999, and the court finally sentenced Defendant on the latter date. The trial court found Defendant was a prior and persistent offender under § 558.016, RSMo 1994. Defendant was sentenced to a term of eight years in the Department of Corrections.

Defendant appeals his conviction and sentence. The State, however, requests this court dismiss his appeal, citing the "escape rule."

The escape rules denies the right of appeal to defendants who, after conviction, attempt to escape justice. *State v. Troupe*, 891 S.W.2d 808, 809[1](Mo.banc 1995) (citing *State v. Wright*, 763 S.W.2d 167, 168 (Mo.App.1988)). The relevant inquiry for an appellate court to apply the escape rule is "whether the escape adversely affects the criminal justice system." *Troupe*, 891 S.W.2d at 811[5]. The determination of whether the criminal justice system has been adversely affected rests in the sound discretion of the appellate court. *Id.*

Justifications for the escape rule listed in *State v. Brown*, 974 S.W.2d 630, 632 (Mo.App.1998) include "(1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's long absence; (3) preventing prejudice to the state in the event of remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; . . . (6) encouraging voluntary sur-

render[;] . . . (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts." Additionally, *Brown* observed that "the chief justification for the [escape] rule is remedial in nature, i.e., to remedy the adverse effects that an escape has on Missouri's criminal justice system." 974 S.W.2d at 633[10].

■ Here, Defendant's failure to appear at his March 5, 1999, sentencing caused a five-and one-half month delay in the case. Similar delays in sentencing, standing alone, have been held to adversely affect the criminal justice system and provide a sufficient basis for applying the escape rule. *Troupe*, 891 S.W.2d at 811 (holding an eight month sentencing delay due to defendant's escape necessarily affected the criminal justice system and warranted dismissal of appeal); *State v. Jackson*, 928 S.W.2d 894, 896 (Mo.App.1996) (ten-week delay); *President v. State*, 925 S.W.2d 866, 868 (Mo.App.1996) (four month delay); *State v. Bailey*, 848 S.W.2d 611, 612 (Mo. App.1993) (six-week delay); *Wright*, 763 S.W.2d at 168 (five and one-half month delay). Here, the length of escape exceeds or equals that in *Jackson, President, Bailey,* and *Wright*.

■ Further, sentencing delay was not the only adverse effect on the criminal justice system in this case. The trial court had to issue a capias warrant and law enforcement officers expended resources to effect Defendant's arrest. Moreover, Defendant's actions showed lack of respect for the criminal justice system. Such lack of respect is highlighted by Defendant's false promise to the court following his conviction that he would appear when ordered. "Those who seek the protection of this legal system must be willing to abide by its rules and decisions." *President*, 925 S.W.2d at 868. For all of the foregoing reasons, application of the escape rule is appropriate here.

Appeal dismissed.

PARRISH, P.J., CONCURS.

MONTGOMERY, J., CONCURS.