STATE of Missouri, Plaintiff–Respondent,

v.

Eric B. HICKERSON, Defendant–Appellant.

No. 23956.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 21, 2002.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Audara L. Charlton, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

On November 15, 1999 a jury convicted Eric B. Hickerson, ("Appellant") of burglary in the second decree, under § 569.170, and stealing, under § 570.030.[1] Appellant had six other burglary charges pending against him; however, the trial court severed the six charges and tried these two charges separately. After his convictions Appellant was remanded to the custody of the Phelps County Sheriff. On December 9, 1999, Appellant's motion for new trial was to be heard and the remaining burglary charges were to be set for trial. Appellant escaped from the Phelps County jail and failed to appear for the December 9, 1999 hearing. A capias warrant was issued and Appellant was eventually apprehended in Texas and returned to Missouri. Appellant was sentenced on November 2, 2000 to two consecutive seven-year sentences. On that date he also pled guilty to three of the six additional burglary charges and the state dismissed the remaining charges. Appellant was sentenced to seven years on each of the counts to which he pled, the sentences to be served concurrently with the sentences on the convictions. He appeals the jury convictions and the sentences imposed. His sole claim of error is focused on the admission into evidence of a letter he wrote. The state requests that this court dismiss the appeal based on the "escape rule." We grant the state's request and dismiss the appeal.

The escape rule denies the right of appeal to defendants who escape justice. *State v. Troupe,* 891 S.W.2d 808, 809 (Mo. banc 1995). "[T]he relevant inquiry is whether the escape adversely affects the criminal justice system." *Id.* at 811. Whether the escape adversely affects the

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

criminal justice system rests in the sound discretion of this court. *Id.* The reasons for the "escape rule" include (1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the escapee's absence; (3) preventing prejudice to the state in the event of a remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. *State v. Brown,* 974 S.W.2d 630, 632 (Mo.App. S.D. 1998).

In this case Appellant's sentencing was postponed eleven months because of his escape. Similar or lesser delays have been held to adversely affect the criminal justice system and provide a sufficient basis for applying the escape rule. *See Troupe,* 891 S.W.2d at 811 (eight month sentencing delay sufficient for dismissal of appeal); *State v. Sprester,* 26 S.W.3d 603, 605 (Mo. App. S.D.2000)(five and one-half month delay caused adverse effect); *State v. Thornton,* 930 S.W.2d 54, 57 (Mo.App. S.D.1996) (two month delay and escape from jail adversely affected judicial system); *State v. Jackson,* 928 S.W.2d 894, 895–96 (Mo. App. E.D.1996) (ten week escape from custody sufficient to invoke the "escape rule"); *President v. State,* 925 S.W.2d 866, 868 (Mo.App. W.D.1996)(delay of four months between original sentencing date and actual sentencing date showed disrespect for the criminal justice system justifying application of escape rule). In *State v. Brown,* the appeal was dismissed after the defendant escaped from jail and was absent for more than two months. 974 S.W.2d at 631, 633. The court noted that the escape raised the possibility of confrontation with the jailer, delayed the defendant's sentencing for two months, and caused the expenditure of public funds to return him to Missouri. *Id.* at 631.

Likewise, Appellant absconded from jail where he had been a trustee. He was missing for eleven months. During that time the six other burglary charges were still pending against Appellant, meaning his escape caused delay and administrative problems for the judicial system. In addition, Appellant's criminal propensities posed a threat to those around him. *See Thornton,* 930 S.W.2d at 56. Of additional concern is the fact that the primary witness against Appellant was his girlfriend. Appellant's point on appeal is related to a letter Appellant wrote to his girlfriend that could be interpreted as pressuring her to change her story so as not to implicate Appellant. Having Appellant out of jail and on the run so promptly after the trial date had to cause that witness some concern. By absconding, we find that Appellant has forfeited his right to appeal.

Accordingly, we sustain the state's motion to dismiss the appeal.

PREWITT, J., and PARRISH, J., concur.