STATE of Missouri, Respondent,

v.

Neil A. MASSEY, Appellant.

No. WD 60545.

Missouri Court of Appeals,
Western District.

Feb. 28, 2003.

Amy M. Bartholow, Assistant State Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Adriane Crouse, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before: ELLIS, C.J., HOWARD and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Neil Massey was convicted by jury of driving while intoxicated, § 577.010, RSMo 1994, and sentenced as a prior and persistent offender to five years imprisonment. Massey presents two issues on appeal: (1) whether the trial court plainly erred in determining that he refused to take a breathalyzer test; and (2) whether the trial court plainly erred in allowing the State to present evidence of Massey's prior license revocation and moving violation warrants relative to the vehicle he was driving. The State argues we should apply the escape rule and dismiss Massey's direct appeal based on his failure to appear at sentencing. We concur that dismissal is appropriate.

## Procedural Background

On March 27, 2001, a jury found Massey guilty of driving while intoxicated. The trial court set a sentencing date of May 17, 2001 and ordered Massey to appear. Massey was allowed to remain free on his previously posted $5,000 bond.

On April 3, 2001, the State filed a motion to increase or revoke the $5,000 bond. The court increased Massey's bond to $100,000 and issued a warrant for his arrest on April 6, 2001.

Massey failed to appear at sentencing on May 17, 2001. His original $5,000 bond was forfeited at that time.[1] Massey was taken into custody on June 15, 2001, when law enforcement officers were able to locate and serve him with the warrant issued on April 6, 2001. His sentencing was reset for July 26, 2001, but was twice delayed at the request of defense counsel. On September 27, 2001, Massey was sentenced to five years imprisonment for driving while intoxicated, to be served consecutively with a previously imposed three-year sentence on an unrelated charge. He now seeks to appeal the conviction and sentence.

## Application of the Escape Rule

The escape rule operates to deny the right of appeal to a defendant who attempts to flee justice. *Holmes v. State*, 92 S.W.3d 193, 195 (Mo.App. W.D.2002). Dismissal of an appeal is appropriate when the defendant's escape adversely affects the justice system. *State v. Troupe*, 891 S.W.2d 808, 811 (Mo.banc 1995). The determination of adverse effect is left to the

---

1. After he was ultimately sentenced, Massey received a partial refund of $219.50 from the $500 cash originally posted on the $5000 bond. This bond amount was set in connection with Massey's first trial on the DWI charges, which resulted in a hung jury. The bond was increased to $100,000 after Massey was convicted in a second trial. Although the record does not indicate, we presume a portion of the original bond was refunded because Massey appeared for his first and second trial.

sound discretion of the appellate court. *Id.*

 Massey's failure to appear for sentencing constitutes an "escape" for purposes of applying the escape rule. *President v. State,* 925 S.W.2d 866, 867 (Mo. App. W.D.1996). Even prior to sentencing, Massey failed to respond to a warrant issued in connection with the increase of his bond from $5,000 to $100,000. From the time the warrant was issued on April 6, 2001, it took law enforcement officers more than two months to locate Massey and take him into custody. Sentencing was delayed by more than four months as a combined result of Massey's fugitive status and his counsel's repeated requests for continuances.

The already overburdened criminal justice system was adversely affected because the court had to convene multiple hearings to address Massey's non-compliance, and law enforcement officers spent valuable time tracking him down. Had Massey been sentenced on his scheduled date of May 17, his counsel would not have needed continuances to deal with issues that subsequently arose largely as a result of his attempt to escape justice. Massey's two-month fugitive status and four-month delay in sentencing are well within the range of time for which courts have routinely applied the escape rule. *Id.* at 868 (four-month sentencing delay); *State v. Bailey,* 848 S.W.2d 611, 612 (Mo.App. E.D.1993) (six-week sentencing delay); *State v. Buff,* 34 S.W.3d 856, 857 (Mo.App.E.D.2000), (six-week fugitive status resulted in six month sentencing delay); *Holmes,* 92 S.W.3d at 196 (three-week fugitive status).

Those who seek the protection of our legal system must be willing to comply with its rules and decisions. Massey has forfeited his right of appellate review by attempting to escape the very justice he now seeks to challenge. The appeal is dismissed.

All concur.