**STATE of Missouri, Respondent,**

v.

**Jeffrey Kyle SHUEY, Appellant.**

**Nos. WD 65335, WD 65336, WD 65337.**

Missouri Court of Appeals, Western District.

June 20, 2006.

812

Craig Allan Johnston, State Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger W. Johnson, Asst Attorney General, joins on the briefs, Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, C.J., P.J., PATRICIA A. BRECKENRIDGE, and JAMES M. SMART, JR., JJ.

PER CURIAM.

Jeffrey Shuey appeals his convictions from a jury trial for one felony count of manufacturing more than five grams of marijuana, section 195.211,[1] one felony count of possession of more than 35 grams of marijuana, section 195.202, and one misdemeanor count of possession of drug paraphernalia with intent to use, section 195.233. Shuey contends there was insufficient evidence for the first two counts and

1. All statutory references are to the Revised Statutes of Missouri, 2000, unless otherwise indicated.

an improper reference in closing arguments about a witness not being called. The State raises the "escape rule" asking this court to dismiss the appeal. We concur that dismissal is appropriate.

### Procedural and Factual Background

Viewed in a light most favorable to the verdict, the evidence presented at Jeffrey Shuey's trial was as follows. In August 2003, a Missouri Highway Patrol flyover spotted marijuana plants in a cornfield along the wood line. A path through the cornfield led from the plants to an adjacent road. The dirt around the plants was bare and with few weeds, indicating cultivation of the plants. The officer in the helicopter notified the ground crew and identified the site. The site of the plants was approximately three quarters of a mile from Shuey's house. His house was the closest one to the site, and no other plants were found in a two-mile radius.

A sheriff's deputy and highway patrol officer on the ground then went to Shuey's house. Shuey was present along with his girlfriend and two daughters who lived in the house. After the officers asked for permission, Shuey allowed them to search the property.

Following a path behind the house, the officers found a piece of plywood covered with some leaves and dirt about thirty to sixty yards from Shuey's house. Buried under the plywood, they found a plastic container. Inside the container was a jar with marijuana, multiple small jars and bottles with marijuana seeds and others that were empty but with a marijuana odor, a large bag of marijuana, and a couple of pipes. Also in the container was a prescription drug bottle with Shuey's name on it, which contained more marijuana seeds.

Officers found another plastic container buried in a different hole behind Shuey's house. They also found another path leading to the county road adjacent to Shuey's property. The cornfield was across the county road from Shuey's house.

After the items recovered outside Shuey's house and the marijuana plants (approximately nine full-grown plants) were tested by the Missouri Highway Patrol, Shuey was charged with one count of manufacturing more than five grams of marijuana, section 195.211, one count of possession of more than 35 grams of marijuana, section 195.202, and one misdemeanor of possession of drug paraphernalia with intent to use, section 195.233. At the jury trial on May 5, 2004, Shuey did not testify or present any evidence in his defense. The jury found Shuey guilty of all three charges. Shuey was then released on bond until his sentencing hearing.

Shuey failed to appear at his sentencing hearing on June 4, 2004. The court issued a *capias* warrant for failure to appear. Six days later, June 10, 2004, El Paso, Texas, sheriffs captured Shuey after he applied for government assisted HUD housing. He returned to Missouri on June 23, 2004, after the Mercer County sheriff and a deputy traveled approximately twenty-seven hundred miles over three days to retrieve him.

Shuey was sentenced on July 9, 2004, to concurrent terms of seven years on each felony and one year for the misdemeanor. This appeal follows.

### Escape Rule

"The escape rule operates to deny the right of appeal to a defendant who escapes justice." *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). Whether to apply the escape rule is within the "sound discretion of the appellate tribunal." *Id.* at 811. Its application does not

violate a defendant's constitutional rights because a right to appeal a conviction does not exist. *Randol v. State*, 144 S.W.3d 874, 876 (Mo.App.2004) (*citing Goeke v. Branch*, 514 U.S. 115, 120, 115 S.Ct. 1275, 131 L.Ed.2d 152 (1995), and *Reuscher v. State*, 887 S.W.2d 588, 590 (Mo. banc 1994)).

■■ "[T]he relevant inquiry is whether the escape adversely affects the criminal justice system." *Troupe*, 891 S.W.2d at 811. The reasons for the escape rule include:

> (1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the escapee's absence; (3) preventing prejudice to the state in the event of a remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts.

*State v. Hickerson*, 66 S.W.3d 787, 789 (Mo.App.2002).

■ In this case, a jury found Shuey guilty and a sentencing hearing was scheduled about a month later. Instead of returning for the hearing, he took off for the Mexican border. He was caught only because of his decision to apply for government assistance from HUD, which included a background check. A considerable amount of time, effort, and money was expended in the twenty-seven hundred mile round trip between Mercer County and El Paso, Texas. Clearly, Shuey had no intention of returning on his own for sentencing.

Shuey argues that because of his short amount of time at-large and only a one-month delay in sentencing, the escape rule should not be applied. There have been a variety of cases involving different periods of time as a fugitive and delays for sentencing where the escape rule was applied. *See Troupe*, 891 S.W.2d at 811 (eight-month sentencing delay); *Holmes v. State*, 92 S.W.3d 193, 196 (Mo.App.2002) (three-week fugitive status); *State v. Burk*, 49 S.W.3d 207, 208 (Mo.App.2001) (five-day fugitive status); *State v. Surritte*, 35 S.W.3d 873, 874–75 (Mo.App.2001) (four-day fugitive status and fourteen-day sentencing delay); *State v. Buff*, 34 S.W.3d 856, 857 (Mo.App.2000) (six-month sentencing delay); *State v. Sprester*, 26 S.W.3d 603, 605 (Mo.App.2000) (five and one-half-month sentencing delay); *President v. State*, 925 S.W.2d 866, 868 (Mo. App.1996) (four-month sentencing delay); *State v. Jackson*, 928 S.W.2d 894, 895–96 (Mo.App.1996) (ten-week fugitive status); *State v. Thornton*, 930 S.W.2d 54, 57 (Mo. App.1996) (two-month sentencing delay); *State v. Bailey*, 848 S.W.2d 611, 612 (Mo. App.1993) (seven-week sentencing delay). However, there is not a threshold amount of time required to permit dismissal. *Holmes*, 92 S.W.3d at 196. The length of time is only one factor when looking at the entire set of circumstances. *State v. Burk*, 49 S.W.3d at 211. Shuey's one-week fugitive status and five-week sentencing delay caused by his escape does not bar dismissal.

We are mindful also that our discretion permits us to reject a motion to dismiss the appeal for various reasons, including the reason that an accused did not have a fair trial. *See State v. White*, 81 S.W.3d 561, 566 (Mo.App.2002) (escape rule not invoked where defendant did not receive fair trial due to prosecution's withholding of pertinent evidence). In this case, we see no reason to believe that Shuey did not receive a fair trial. There is no indication of a manifest injustice.

"Those who seek the protection of our legal system must be willing to comply with its rules and decisions." *State v. Massey*, 98 S.W.3d 105, 107 (Mo.App.2003). Here, Shuey has shown disregard for the legal system and trial court by absconding to the Mexican border.

### Conclusion

The appeal is dismissed.