**STATE of Missouri, Respondent,**

v.

**Joel B. JOHNSON, Appellant.**

**No. WD 69448.**

Missouri Court of Appeals,
Western District.

Dec. 15, 2009.

Laura G. Martin, Esq., Kansas City, MO, for appellant.

Shaun J. Mackelprang, Esq., and John W. Grantham, Esq., Jefferson City, MO, for respondent.

Before DIVISION ONE: LISA WHITE HARDWICK, Presiding Judge, THOMAS H. NEWTON and ALOK AHUJA, Judges.

LISA WHITE HARDWICK, Judge.

Joel Johnson was convicted of first-degree burglary and second-degree domestic assault and sentenced to concurrent five-year prison terms. The circuit court placed him on probation after serving 120 days of shock incarceration. On appeal, Johnson contends the evidence was insufficient to support the burglary conviction. The State has moved to dismiss the appeal because Johnson failed to report to his probation officer and his whereabouts are currently unknown. We dismiss the appeal based on the escape rule.

### FACTUAL AND PROCEDURAL HISTORY

Johnson and A.L. had been involved in a romantic relationship that ended in November 2006. They remained in contact after that time because they had a child together. On May 29, 2007, A.L. dropped the child off at Johnson's mother's home to stay overnight. Johnson told A.L. that he was interested in rekindling their relationship and having sex with her. A.L. responded that she might or might not have sex with him, but she was not interested in getting back together.

Later that night, A.L. was at her apartment having drinks with a male friend. They got drunk and passed out on an air mattress on the living room floor. Around 1:30 a.m., Johnson came to the apartment because he wanted to have sex with A.L. He did not have a key and decided not to ring the doorbell because entering through the front door was "too much trouble." He climbed over the patio railing and entered A.L.'s ground floor apartment through an unlocked patio door.

Johnson saw A.L. lying naked on the air mattress with her male friend, who was wearing boxer shorts. As A.L. woke up, Johnson angrily grabbed her and pushed her against the walls of the apartment several times. A.L.'s male friend got dressed and left the apartment.

Johnson yelled offensive names at A.L., kicked her television, and busted her air mattress. Once A.L. was able to put her clothes on, Johnson grabbed her by the hair, pulling her out of the apartment and over the patio railing. A neighbor heard the commotion and called the police.

As the police arrived, Johnson ran away from the apartment building. An officer drew his weapon and was eventually able to subdue Johnson.

Johnson was charged with first-degree burglary and second-degree domestic assault. Following a bench trial, he was convicted on both charges and sentenced to concurrent five-year prison terms. On June 12, 2008, after serving 120 days in the shock incarceration program pursuant

to Section 559.115.3,[1] the circuit court placed Johnson on probation for two years.

## ISSUE ON APPEAL

Johnson appeals the burglary conviction, contending the evidence was insufficient to meet the State's burden of proving that he unlawfully entered A.L.'s apartment for the purpose of assaulting her. The State has moved to dismiss the appeal based on the escape rule. The motion alleges that Johnson failed to report to his probation officer and cannot be located. We remanded the case to the circuit court for the limited purpose of making factual findings on the allegations in the dismissal motion. Following an evidentiary hearing, the circuit court entered an order determining that:

(1) Johnson has failed to contact or report to Missouri Probation and Parole as directed.

(2) Johnson's whereabouts are currently unknown.

(3) A capias warrant for Johnson's arrest was issued on July 8, 2009, and . . . remains unserved.

In light of these findings, we now consider whether the escape rule should be applied to bar consideration of Johnson's claim on appeal.

## ANALYSIS

"The escape rule operates to deny the right of appeal to a defendant who escapes justice." *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). The decision to apply the escape rule is within the sound discretion of the appellate court. *State v. Shuey*, 193 S.W.3d 811, 813 (Mo. App.2006). We are authorized to dismiss a defendant's appeal if the defendant ab-

sconds after conviction. *State v. Smith*, 815 S.W.2d 74, 75 (Mo.App.1991).

In deciding whether to apply the escape rule, the appropriate inquiry is whether the escape adversely affects the criminal justice system. *Shuey*, 193 S.W.3d at 814. Reasons for enforcing the escape rule may include:

(1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the escapee's absence; (3) preventing prejudice to the state in the event of a remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts.

*State v. Hickerson*, 66 S.W.3d 787, 789 (Mo.App.2002).

Following his conviction on the burglary charge, the court placed Johnson on probation and ordered him to report to the Missouri Department of Probation and Parole for a two-year period. Johnson willfully disregarded that order and has demonstrated disrespect for the criminal justice system by failing to report his whereabouts. His misconduct necessitated the issuance of a warrant for his arrest, which remains outstanding even while his appeal is pending.

Johnson should not be allowed to pursue his claim on appeal while he refuses to submit to the jurisdiction of the court. "Those who seek the protection of our legal system must be willing to comply with its rules and decisions." *State v. dicated.*

---

1. All statutory citations are to the Revised Missouri Statutes (2000) unless otherwise in-

*Massey,* 98 S.W.3d 105, 107 (Mo.App.2003). Johnson's fugitive status warrants application of the escape rule and the dismissal of his appeal.

CONCLUSION

The appeal is dismissed.

All Concur.