Jayson THEODORAN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 30211.

Missouri Court of Appeals, Southern District, Division One.

Aug. 19, 2010.

---

Kent Denzel, Assistant Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and John M. Reeves, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Judge.

Jayson Theodoran ("Movant") appeals the denial of his amended Rule 24.035 motion for post-conviction relief following an evidentiary hearing.[1] Applying the escape rule, we dismiss his appeal.

### Factual and Procedural Background

The State charged Movant as a prior felony offender with first-degree tampering and failure to return rented property, pursuant to sections 569.080 and 578.150.[2] By separate information, Movant was also charged with felony stealing. In May 2004, Movant pleaded guilty to all three charged offenses, and the court sentenced him to seven years' imprisonment on each count in this case and the felony stealing charge in the separate case, with the sentences to be served consecutively. The court suspended execution of all three sentences and placed Movant on five years' supervised probation.

Thereafter, a probation violation report was filed against Movant on February 7, 2005, and a hearing was scheduled for that month. Movant, however, failed to appear, and the court issued a warrant for his arrest. The sheriff was not able to serve the warrant until October 27, 2006, a year and half after it was issued, because Movant had been in the country of Mexico. At the probation revocation hearing on November 20, 2006, Movant admitted that he had originally violated his probation by testing positive for the use of marijuana. He subsequently fled to Mexico, where he said he remained for almost two years

---

1. All rule references are to Missouri Court Rules (2010).

2. Any reference to section 578.150 is to RSMo. Cum.Supp.2002, and all other statutory references are to RSMo 2000.

before being deported and then arrested. The sentencing court, stating that it would give Movant "one more chance," continued Defendant's probation.

Movant violated his probation again soon after the first revocation hearing; additional violation reports were filed on January 22, 2007, and May 14, 2007. On November 26, 2007, the court conducted another probation revocation hearing. Movant admitted he had again violated the terms of his probation by failing to report to his probation officer, failing to maintain employment, and changing residence without communicating with his probation officer. Movant said he had returned to Mexico just about a week after the last probation revocation hearing a year earlier, and that he had returned to the United States in October 2007 before turning himself in to his probation officer. Movant requested that probation be continued, but the sentencing court revoked his probation on his two sentences in this case and ordered that he serve them consecutively as originally imposed.

Movant filed a timely *pro se* Rule 24.035 motion for post-conviction relief, and appointed counsel subsequently filed an amended motion, in which Movant alleged his plea counsel was ineffective. Following an evidentiary hearing, the motion court denied post-conviction relief. Movant now appeals.

### Discussion

■ On appeal, Movant challenges the motion court's ruling on the grounds that he was denied effective assistance of counsel during the plea process. The State, however, urges that we dismiss Movant's appeal in accordance with the escape rule.[3] For the reasons set forth below, we conclude that the escape rule applies, and we dismiss the appeal without reaching the merits of Movant's point.

■ The escape rule is a judicially created doctrine that "operates to deny the right of appeal to a criminal defendant who escapes justice." *Stevens v. State,* 306 S.W.3d 175, 176 (Mo.App.2010). *See also Crawley v. State,* 155 S.W.3d 836, 837 (Mo. App.2005). A movant's escape from supervised probation has been held to justify dismissal of an appeal under the escape rule. *See Hicks v. State,* 824 S.W.2d 132 (Mo.App.1992) (dismissing movant's appeal for post-conviction relief after finding movant knowingly violated the terms of his five-year probation by absconding to Colorado). This rule applies equally to direct appeals and appeals arising from the disposition of post-conviction motions under Rule 24.035 and Rule 29.15. *Stevens,* 306 S.W.3d at 176. *See also Holmes v. State,* 92 S.W.3d 193, 195 (Mo.App.2002). However, the escape rule "only applies to errors occurring up to the time of an appellant's escape." *State v. Marsh,* 248 S.W.3d 648, 650 (Mo.App.2008). Because the ineffective-assistance-of-counsel claim that Movant raises on appeal involves matters that occurred before he twice absconded from probation, the escape rule would serve to bar Movant's appeal if it applies.

■ The decision of whether to dismiss an appeal for this reason is one left to the sound discretion of the appellate court. *Stevens,* 306 S.W.3d at 177. The pertinent inquiry in deciding whether to apply the escape rule is "whether the escape adversely affected the criminal justice sys-

---

**3.** We note that after the State requested dismissal of the appeal in its respondent's brief on the basis of the escape rule, Movant did not file a reply brief as allowed by Rule 84.05(a). As "[t]he sole purpose of a reply brief is to rebut the arguments raised in the respondent's brief[,]" *State v. Harrison,* 213 S.W.3d 58, 77 (Mo.App.2006), we assume Movant had no rebuttal to the State's argument supporting its request for dismissal.

**482**

tem." *Id.* There is no threshold amount of time that a defendant must have escaped before dismissal is allowed. *Holmes,* 92 S.W.3d at 196. Dismissing the appeal of an escaping defendant has been justified on numerous policy grounds, including: curtailing administration problems caused by a defendant's long absence; preventing a defendant from selectively abiding by court orders; discouraging escape; preserving respect for the criminal justice system; and promoting the dignified operation of the appellate courts. *Pradt v. State,* 219 S.W.3d 858, 862 (Mo.App.2007); *State v. Ore,* 192 S.W.3d 723, 726 (Mo.App. 2006).

■ The application of the escape rule in this case is logical and warranted by all of these policy justifications. Movant twice escaped to a foreign country without notifying his probation officer, in clear violation of the terms of his probation. On the first occasion, Movant absconded to Mexico for almost two years after testing positive for drug use. This caused Movant to miss a scheduled probation revocation hearing and led law enforcement to search for him for a year and a half before catching him only after he was deported from Mexico. If that was not enough, Movant then fled to Mexico again almost immediately after the court showed him leniency by continuing his probation following his first escape.

Movant demonstrated complete disrespect for the judicial system by neglecting to show up at his initial revocation hearing in February 2005 and then failing to report to or communicate with his probation officer for an extended length of time while residing in a foreign country. The only reason the authorities were able to eventually arrest him is because he was deported from that country. In fleeing to Mexico a second time after the court continued his probation, Movant demonstrated his defi-

ance toward the courts to be unremitting. Like the appellant whose appeal was dismissed in *Hicks,* Movant "attempted to place himself beyond the control of the department of corrections and demonstrated his contempt for the very system of justice that granted him probation in lieu of incarceration." *Hicks,* 824 S.W.2d at 134. Release of a convicted defendant on probation is a matter of grace to begin with, and Movant should not be free to abuse that grace with impunity.

Allowing Movant to pursue an appeal after two south-of-the-border escapes would diminish respect for the justice system and serve as an affront to the dignity of the appellate courts. A defendant who shows such blatant disregard for the rules and decisions of the judicial system should not be permitted to then seek relief from that same system. *See State v. Wright,* 763 S.W.2d 167, 168 (Mo.App.1988) (holding that "those who seek the protection of this legal system must ... be willing to abide by its rules and decisions"). Finally, if we do not bar this appeal, the absence of any penalty for Movant's actions would encourage other defendants to escape probation.

For all the foregoing reasons, we determine that Movant's multiple escapes from probation adversely affected the criminal justice system. Applying the escape rule, we dismiss Movant's appeal.

BARNEY, P.J., and BURRELL, J., concur.