

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | WD77564 |
| | ) | |
| v. | ) | OPINION FILED: July 28, 2015 |
| | ) | |
| TONYA MARIE THOMAS, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Joel P. Fahnestock, Judge

Before Division Four: Alok Ahuja, Chief Judge, Presiding, Karen King Mitchell, Judge
and Gary D. Witt, Judge

Appellant Tonya Thomas ("Thomas") appeals from her conviction of the class D

felony of resisting arrest, contesting the sufficiency of the evidence in her sole point on

appeal. Because we find that sufficient evidence supports the jury's finding of guilt, we

affirm.

### Factual and Procedural History[1]

Thomas was convicted by a jury of the class D felony of resisting arrest, Section

575.150.[2] The following evidence was presented at trial:

---

[1] We view the evidence and inferences in the light most favorable to the State, and all evidence and inferences to the contrary are rejected. *State v. Porter*, 439 S.W.3d 208, 211 (Mo. banc 2014).

Kansas City Police Officer Zachary True ("Officer True") and Officer Brandon Bray ("Officer Bray") were assigned to a proactive unit that targets violent criminals, repeat offenders, and people with warrants. On July 28, 2013, they were in uniform in a marked patrol car conducting surveillance on a house at 4311 East Linwood because they had received information that Thomas and Edward Prang ("Prang") were residing at that location. Both Thomas and Prang had active felony warrants. Officer Bray was in the driver's seat and was using binoculars.

Both officers recognized Thomas and Prang by sight from previous contacts. While the officers had surveillance on the apartment, Thomas and Prang drove up to the back lot of the apartment in a black Honda Accord. Thomas was driving. Thomas and Prang exited the vehicle and walked toward the residence. A man standing nearby said something to them, after which they both looked in the direction of the officers and then walked inside the residence. The officers radioed for backup so they could surround the residence. However, about a minute later, before backup arrived, Thomas exited the residence, got into the driver's seat of the Honda, and drove from the back of the residence to the front of the residence.

As Thomas pulled up to the front of the residence, Prang ran out and got into the passenger seat. The officers activated their lights and siren and attempted to stop the vehicle. Thomas looked at the officers and sped away. Thomas was driving at speeds in excess of 70 to 80 miles per hour in areas where the speed limit was 35 to 45 miles per hour. The patrol car reached up to 91 miles per hour but was unable to catch Thomas.

[2] All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

2

Due to the dangerous nature of the pursuit, the officers decided to discontinue it, write a report and wait for Thomas to be picked up later.

Both officers testified that they observed Thomas driving the vehicle before and during the pursuit and identified her in open court.

The jury found Thomas guilty of resisting arrest. Thomas failed to appear for sentencing on February 3, 2014. An arrest warrant was served, and on May 6, 2014, Thomas was sentenced to four years in prison. Thomas appeals.

## Standard of Review

Thomas challenges the sufficiency of the evidence to support her conviction.

> An appellate court's review of the sufficiency of the evidence to support a criminal conviction is limited to determining whether there is sufficient evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. All evidence and inferences favorable to the State are accepted as true, and all evidence and inferences to the contrary are rejected. This is not an assessment of whether the Court believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.

*State v. Porter,* 439 S.W.3d 208, 211 (Mo. banc 2014) (internal citations and quotations omitted).

## Analysis

Thomas contends that the trial court erred in overruling her motion for judgment of acquittal at the close of the State's evidence as to the felony of resisting arrest because the State's evidence was insufficient to prove each element of the felony. The State argues that the evidence was sufficient and that this court should refuse to consider

Thomas's appeal because of the "escape rule" in that Thomas failed to appear for sentencing. For ease of analysis, we address the State's "escape rule" argument first.

The escape rule's primary purpose is to deny the right of appeal to a defendant who escapes justice. *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). The application of the rule does not violate a defendant's constitutional rights because a right to appeal a conviction does not exist. *State v. Shuey*, 193 S.W.3d 811, 813-14 (Mo. App. W.D. 2006). The decision to apply the escape rule rests within the sound discretion of the appellate court. *State v. Johnson*, 299 S.W.3d 330, 332 (Mo. App. W.D. 2009). This court is authorized to dismiss an appellant's appeal if the appellant absconds after conviction. *Id.*

In order to decide whether to apply the escape rule, we must inquire as to whether the escape adversely affects the criminal justice system. Reasons for applying the escape rule include:

(1) the need for a court to have control over the defendant before making a decision on appeal;
(2) curtailment of administrative problems caused by the escapee's absence;
(3) preventing prejudice to the State in the event of a remand for a new trial;
(4) preventing defendants from selectively abiding by court decisions;
(5) discouraging escape;
(6) encouraging voluntary surrender;
(7) preserving respect for the criminal justice system; and
(8) promoting the dignified operation of the appellate courts

*Shuey*, 193 S.W.3d at 814 (quoting *State v. Hickerson*, 66 S.W.3d 787, 789 (Mo. App. W.D. 2002)).

After her conviction, Thomas, whose bond was continued, failed to appear for her sentencing on February 3, 2014, and a capias warrant was issued. More than two months

later, Thomas was found and the warrant was served. On May 6, 2014, Thomas was sentenced. Thomas displayed no intention of voluntarily returning on her own for sentencing.

By escaping justice for over three months, Thomas demonstrated disregard of the law and disrespect for the court and the criminal justice system. Those who seek the protection of our legal system must be willing to comply with its rules and decisions. *State v. Massey*, 98 S.W.3d 105, 107 (Mo. App. 2003). Thomas forfeited the protection of the legal system when she escaped justice for more than three months. *See id.* Thomas's actions caused a capias warrant to be issued and required law enforcement officers to expend resources to track her down, arrest her, and hold her in custody for sentencing. We would act well within our discretion to dismiss Thomas's appeal. *Johnson*, 299 S.W.3d at 332.

Notwithstanding the applicability of the escape rule, Thomas's underlying point on appeal is without merit. Thomas claims that the State failed to prove beyond a reasonable doubt that Thomas was the driver of the Honda that fled the officers effecting the arrest because, according to the dash cam video, the officers completely lost sight of the Honda for at least ten seconds due to the obstruction of their view by the neighboring residence and thus the officers did not get a good look at the driver.

A person commits the class D felony of resisting arrest if, knowing that a law enforcement officer is making an arrest or reasonably should know that a law enforcement officer is making an arrest, for the purpose of preventing the officer from effecting the arrest, the person resists the arrest by fleeing from the officer in such a

5

manner that creates a substantial risk of serious physical injury or death to any person. § 575.150. In order to convict a person of a crime, due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *State v. Jackson*, 410 S.W.3d 204, 212 (Mo. App. W.D. 2013).

Thomas's claim ignores the standard of review applicable to the appellate review of the sufficiency of the evidence. *Porter*, 439 S.W.3d at 211. The relevant inquiry in appellate review of this point is whether there is sufficient evidence from which a reasonable fact finder could have found the defendant guilty beyond a reasonable doubt. *Id.* All of the evidence taken together supports the jury's finding that Thomas, for the purpose of preventing law enforcement officers from making the arrest, resisted by fleeing from the officers at such high rates of speed which created a substantial risk of serious physical injury or death to any person. A witness's testimony is sufficient evidence to sustain a conviction, and the trier of fact is left to determine credibility issues. *Id*. At trial, both officers testified that they had dealt with Thomas in the past, recognized her on sight, and identified her in court. Both officers also testified that they were a "hundred percent" certain that the person they saw in the driver's seat of the Honda was Thomas. The officers witnessed her drive up to the house in the car, walk from the car to the house, leave the house and re-enter the car and drive to the front of the house to pick up Prang. The officers activated the emergency lights and siren on their marked patrol car and Thomas sped away. Despite Thomas's contention, no evidence controverts the officers' testimony and instead the testimony is consistent with what is viewable on the dash cam video. *See State v. Williams*, 334 S.W.3d 177, 180 (Mo. App. W.D. 2011).

## Conclusion

The judgment of the trial court is affirmed.

_____
Gary D. Witt, Judge

All concur