MARY W. SHEFFIELD, J.
Joshua David Musgrove ("Movant") appeals the motion court's dismissal of his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] In two points on appeal, Movant argues the motion court clearly erred in: (1) "dismissing [Movant's] Rule 24.035 motion without a hearing, by invoking the escape rule to bar his claims for postconviction relief" in that "[t]he escape rule should not apply to [Movant], because [Movant's] escape did not adversely affect the criminal justice system, since he was recaptured four days later[;]" and (2) failing to address Movant's claim that plea counsel was ineffective for coercing Movant to enter an Alford plea.[2] Finding that Movant did adversely affect the criminal justice system, thereby invoking the escape rule, the motion court's order dismissing Movant's amended motion is affirmed.
Background
In February 2016, Movant entered an Alford plea to two felony charges and received two sentences: one of twenty years and one of four years, to run concurrently with each other. The plea court suspended the execution of those sentences and placed Movant on probation for five years.
On September 29, 2016, a probation violation hearing was held. Movant's probation officer testified that since Movant was placed on probation, Movant had three law violations - shoplifted at Wal-Mart, convicted of forgery, and committed assault - and one citation for using marijuana. Finding *239 that Movant had violated the terms and conditions of his probation, the court revoked Movant's probation and ordered that his previously imposed sentences be executed.
On that same day, after Movant was transported back to the jail from court to await transportation to the Missouri Department of Corrections to begin serving his sentences, Movant escaped custody and fled. On September 30, 2016, the day after Movant's probation was revoked, a warrant was issued for Movant's arrest. On October 2, 2016, four days after Movant escaped, that warrant was served and Movant was recaptured.
Thereafter, Movant timely filed a pro se motion for post-conviction relief, which he timely amended with the assistance of appointed counsel. The motion court dismissed Movant's amended motion, finding that Movant was not entitled to postconviction relief because the "escape rule applies in this case." In support of the escape rule, the motion court found that:
Movant's escape did adversely affect the criminal justice system. He obviously was selectively abiding by this Court's decisions, trying to determine of which laws to avail himself, law enforcement personnel had to expend countless unnecessary hours searching for Movant while he was out of custody on his escape, and he fractured the respect for the criminal justice system when he escaped, putting other jail staff as well as inmates in danger due to his careless and illegal actions. Movant is flouting the authority of the courts from which he is seeking relief; the escape rule prevents this.
This timely appeal followed.
Standard of Review
"We review the motion court's dismissal of a post-conviction relief motion only to determine whether the motion court's findings and conclusions are clearly erroneous." Patterson v. State , 164 S.W.3d 546, 548 (Mo. App. E.D. 2005).
Discussion and Decision
Movant's first point claims the "motion court clearly erred in dismissing [Movant's] Rule 24.035 motion without a hearing, by invoking the escape rule to bar his claims for postconviction relief" in that "[t]he escape rule should not apply to [Movant], because [Movant's] escape did not adversely affect the criminal justice system, since he was recaptured four days later."
"The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." Crawley v. State , 155 S.W.3d 836, 837 (Mo. App. E.D. 2005). The escape rule applies to alleged errors that occur before a defendant's escape. State v. Kelsall , 545 S.W.3d 355, 357 (Mo. App. S.D. 2018). "Whether to apply the escape rule is discretionary." Echols v. State , 168 S.W.3d 448, 451 (Mo. App. W.D. 2005).
The escape rule applies to appeals arising from the disposition of Rule 29.15 and Rule 24.035 motions, as well as direct appeals. Pargo v. State , 191 S.W.3d 693, 698 (Mo. App. S.D. 2006). "In post-conviction cases, the escape rule has been invoked both to dismiss appeals where the motion court reached the merits of the movant's claim and to affirm the motion court's dismissal of a motion based on its own application of the rule." Echols , 168 S.W.3d at 451. Application of the escape rule "does not violate a defendant's constitutional rights because neither a right to appeal a conviction nor a right to a state post-conviction proceeding exists." Id.
*240 In determining whether to apply the escape rule, the relevant inquiry is whether the defendant's escape adversely affects the criminal justice system. Kelsall , 545 S.W.3d at 357. The justifications for the escape rule include: (1) the need for a court to have control over a defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. State v. Brown , 974 S.W.2d 630, 632 (Mo. App. S.D. 1998).
Movant argues that because he only escaped from custody and was captured after four days, his escape could not have adversely affected the criminal justice system as Missouri courts have routinely applied the escape rule to escapes lasting longer than four days. However, Movant cites no authority for the proposition that the application of the escape rule is inappropriate following a brief escape. To the contrary, "there is not a threshold amount of time required to permit dismissal." State v. Shuey , 193 S.W.3d 811, 814 (Mo. App. W.D. 2006). "The length of time is only one factor when looking at the entire set of circumstances." Id. (finding that a defendant's "one-week fugitive status and five-week sentencing delay caused by his escape does not bar dismissal"); see also State v. Carter , 523 S.W.3d 590, 598 (Mo. App. W.D. 2017) (finding that a defendant's two-day escape and five-month sentencing delay caused by his escape does not bar dismissal); State v. Surritte , 35 S.W.3d 873, 875 (Mo. App. W.D. 2001) (finding that defendant's four-day escape and two-week sentencing delay caused by his escape does not bar dismissal).
Moreover, Movant's focus on the length of his escape ignores that, regardless of its length, Movant's decision to abscond from custody adversely affected the criminal justice system in that he: (1) selectivity abided by the trial court's decisions; (2) posed a danger to society as shown by his conviction for first-degree assault and repeated probation violations; (3) did not voluntarily return to custody but had to be recaptured; (4) caused law enforcement personnel to expend "countless unnecessary hours" searching for him; and (5) put other jail staff and inmates in danger when he escaped. See Brown , 974 S.W.2d at 631 (finding that defendant's escape from jail "rais[ed] the possibility of confrontation with the jailer[,]" which "showed contempt for the authority of the court and by that, affected the criminal justice system"); State v. Thornton , 930 S.W.2d 54, 56-57 (Mo. App. S.D. 1996) (concluding that defendant's actions adversely affected the criminal justice system in that defendant's "criminal propensities posed a threat to those around him" and that defendant did not voluntary return to custody, but was recaptured); State v. Burk , 49 S.W.3d 207, 212 (Mo. App. W.D. 2001) (concluding that defendant "flouted the authority of the courts" and dismissed his appeal pursuant to the escape rule due to defendant's "willingness to engage in conduct constituting a threat to the safety of society ... showed a lack of respect for the system, and necessitated the expenditure of law enforcement resources[;]" and that defendant did "not voluntarily return to custody, but was recaptured").
Additionally, invoking the escape rule to dismiss Movant's appeal fosters the goals of discouraging escape and promoting respect for the criminal justice system. "Those who seek the protection of our *241 legal system must be willing to comply with its rules and decisions." State v. Massey , 98 S.W.3d 105, 107 (Mo. App. W.D. 2003). Movant has forfeited post-conviction review by attempting to escape the very justice he now seeks to challenge. Point 1 is denied. Because we affirm the motion court's order dismissing Movant's Rule 24.035 motion pursuant to the escape rule in point 1, we do not address point 2.
The motion court's dismissal of Movant's amended Rule 24.035 motion is affirmed.
WILLIAM W. FRANCIS, JR., P.J. - CONCURS
JEFFREY W. BATES, J. - CONCURS

All rule references are to Missouri Court Rules (2018).

North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).