

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111272 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| v. | ) | Cause No. 20SF-CR01575-01 |
| | ) | |
| BRANDIE M. FARLESS, | ) | Honorable Jerel Lee Poor II |
| | ) | |
| Appellant. | ) | Filed: March 12, 2024 |

## Introduction

Brandie M. Farless (Defendant) appeals the judgment entered upon her conviction of one count of possession of a controlled substance. However, due to Defendant's ongoing violations of the conditions of her probation regarding this conviction, and her avoidance of supervision altogether since June of 2023, we dismiss her appeal.

## Background

Following Defendant's conviction for one count of possession of a controlled substance, the trial court sentenced Defendant to seven years' imprisonment. The trial court suspended execution of Defendant's sentence and placed her on supervised probation for a period of five years. Among the conditions of Defendant's probation, she agreed not to use or have in her possession any controlled substance except as prescribed by a licensed

medical practitioner; to enter and successfully complete any supervision strategy and abide by all rules and program requirements as directed by the court, the Division of Probation and Parole, or her supervising probation officer; and to report as directed to her probation officer and abide by any directives given.

Between February and May of 2023, Defendant admitted to or tested positive for drug use four times. During this time period, she failed to complete a substance abuse assessment or to enroll in a substance abuse treatment program as directed. On April 12, 2023, Defendant was placed on house arrest using electronic monitoring, as a sanction for continued drug use. She changed residences and failed to re-establish house arrest at her new residence as directed. Her probation officer noted in a violation report that Defendant's movements were unknown as of August 12, 2023. The officer tried to contact Defendant both through a mailed letter and through several text messages, at multiple phone numbers Defendant had provided, and Defendant had not responded as of November 6, 2023. Defendant's last contact with the Division of Probation and Parole was June 9, 2023. The violation report further noted that Defendant had an active felony warrant for a new charge due to her failure to appear in court. The report stated Defendant was considered to be avoiding supervision, and a warrant would be issued. Defendant's reply brief to this Court, filed on December 18, 2023, acknowledged that the record indicates Defendant has ceased communications with her probation officer.

## Discussion

"The escape rule operates to deny the right of appeal to a defendant who escapes justice." State v. Troupe, 891 S.W.2d 808, 809 (Mo. banc 1995). The rule "reinforces a fundamental principle that those who seek the protection of this legal system must be

2

willing to abide by its rules and decisions." Wartenbe v. State, 583 S.W.3d 115, 121 (Mo. App. E.D. 2019) (quoting State v. Wright, 763 S.W.2d 167, 168-69 (Mo. App. W.D. 1988)) (internal quotation and alterations omitted). The rule may apply "equally to persons who avoid impending or immediate incarceration as well as to persons avoiding the possibility of incarceration through a revocation of probation or parole." Id. (citing Hicks v. State, 824 S.W.2d 132, 133 (Mo. App. S.D. 1992)). Granting a defendant probation rather than incarceration is an act of leniency in the first instance, one which the defendant should not be permitted to abuse. Id. (quoting Theodoran v. State, 319 S.W.3d 479, 482 (Mo. App. S.D. 2010)). "A defendant who shows . . . disregard for the rules and decisions of the judicial system should not be permitted to seek relief from the same system." Id.

In considering whether to apply the escape rule, "the relevant inquiry is whether the escape adversely affects the criminal justice system." Troupe, 891 S.W.2d at 811. The escape rule addresses several concerns:

> (1) the need for a court to have control over the defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the escapee's absence; (3) preventing prejudice to the state in the event of a remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts.

State v. Shuey, 193 S.W.3d 811, 814 (Mo. App. W.D. 2006) (quoting State v. Hickerson, 66 S.W.3d 787, 789 (Mo. App. S.D. 2002)).

Here, Defendant received the opportunity to avoid incarceration for her conviction, but she has chosen instead to violate the terms of her supervised probation. She has not only failed to communicate with the Division of Probation and Parole for several months, but she has also failed to appear in court regarding a new drug offense. Application of the

3

escape rule here addresses each of the concerns listed above. "This Court repeatedly has found that absconding after violating the terms of probation demonstrates the requisite contempt for the judicial process justifying dismissal of the absconder's claims under the escape rule." Id. at 123 (citing Theodoran, 319 S.W.3d at 482; Hicks v. State, 824 S.W.2d 132, 134 (Mo. App. S.D. 1992)). While we are mindful that we have discretion to forego application of the escape rule, we see no reason from the record to believe that Defendant did not have a fair trial or has suffered a manifest injustice. See Shuey, 193 S.W.3d at 814. Rather, Defendant has shown disregard for the legal system by absconding from supervised probation and failing to appear in court regarding a new drug offense.

Conclusion

Defendant's appeal is dismissed.

_____
Gary M. Gaertner, Jr., J.

Lisa P. Page, P.J., and
Angela T. Quigless, J., concur.