**STATE of Missouri, Plaintiff/Respondent,**

v.

**Daniel BAILEY, Defendant/Appellant.**

**Daniel BAILEY, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

No. 60487, 62198.

Missouri Court of Appeals, Eastern District, Division One.

March 2, 1993.

**612**

Susan K. Eckles, St. Louis, for appellant.

William L. Webster, Atty. Gen., Aundreia R. Alexander, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offenses of second degree burglary, § 569.-170, RSMo 1986, and third degree assault, § 565.070, RSMo 1986. The court sentenced him as a prior and persistent offender to concurrent prison terms of twelve years on the burglary conviction and one year on the assault conviction. After sentencing, movant filed a *pro se* Rule 29.15 motion. Movant did not appear for sentencing on May 10, 1991, and the motion court invoked the "escape rule" to bar the postconviction relief motion. He appeals his conviction and the denial of his Rule 29.15 motion. Pursuant to Rule 29.15(*l*) these appeals have been consolidated.[1] We dismiss defendant's appeal pursuant to the "escape rule".

The evidence reveals that the victim came home at night, found his back door open with the lock broken, and heard noises upstairs. He called the police and, when two officers arrived, they found defendant and Donald Bromwell upstairs. As one of the officers was going up the stairs, defendant threw a television at him. Defendant was apprehended and a pat-down of him revealed property owned by the victim.

The defendant and Bromwell were charged with second degree burglary and the defendant was also charged with third degree assault. Bromwell pled guilty to the charges against him and testified on defendant's behalf at trial. Defendant was convicted on both counts on February 15, 1991, and a sentencing hearing was scheduled for April 19, 1991.

On April 11, 1991, the court continued sentencing until May 10, 1991. On May 10th, defendant failed to appear and a capias warrant was issued. Defendant was eventually apprehended and returned to the custody of the sheriff on June 20, 1991. On June 28th, he was sentenced.

On appeal, defendant raises two claims of error relating to the prosecutor's cross-examination of Bromwell. These issues were not preserved for review and no manifest injustice or miscarriage of justice exists. Defendant's other claim of error, which was properly preserved, is without merit.

■■■■ The State argues that this appeal should be dismissed pursuant to the "escape rule" in that defendant failed to appear at his sentencing on May 10, 1991. The "escape rule" operates to deny a defendant's right to appeal when, following conviction, he attempts to escape justice. *Stradford v. State*, 787 S.W.2d 832, 833 (Mo.App.1990). The "escape rule" was applied and appeal dismissed in *State v. Branch*, 811 S.W.2d 11 (Mo.App.1991), where defendant failed to appear for sentencing. We find that the "escape rule" applies in the present case and, thus, defendant's appeal is dismissed.

AHRENS, P.J., and CRIST, J., concur.

---

1. Movant has not briefed the allegations of error contained in his Rule 29.15 motion. We thus consider them to have been abandoned. Rule 84.13(a).