STATE of Missouri, Plaintiff/Respondent,

v.

Clarence JACKSON, Defendant/Appellant.

Clarence JACKSON, Defendant/Appellant,

v.

STATE of Missouri, Plaintiff/Respondent.

Nos. 66780, 68871.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 3, 1996.

---

Douglas R. Hoff, Asst. Public Defender, St. Louis, for Defendant/Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for Plaintiff/Respondent.

GRIMM, Judge.

On March 16, 1994, a jury found defendant guilty of possession of a controlled substance, § 195.202 RSMo 1994. The trial court permitted defendant to remain on bond and set sentencing for May 24. Defendant failed to appear on May 24, and the trial court issued a capias warrant for him.

Defendant was arrested on August 6, 1994. On August 31, 1994, the trial court sentenced him as a prior and persistent drug offender to twenty years imprisonment.

On appeal, defendant raises two points concerning his direct appeal. Neither concerns a claim of error that occurred after he was taken back into custody. Further, he asks that we not apply the "escape rule." However, we find the "escape rule" is applicable and dismiss his appeal.

Defendant does not raise any issues concerning the motion court's denial of his Rule 29.15 motion. That appeal is therefore considered abandoned and affirmed.

## I. Background

On July 25, 1992, a Missouri State Trooper pulled defendant over for speeding. He placed defendant under arrest on an outstanding warrant.

The trooper asked defendant whether he wanted his vehicle to sit on the shoulder or be towed. Defendant told the trooper he wanted it to remain on the shoulder, but asked the trooper to get his bag from the passenger side. The trooper retrieved the bag. Upon checking it for weapons, the trooper found a small bottle and a glass pipe. Later, laboratory tests found the bottle and the pipe contained cocaine.

## II. "Escape Rule"

The State urges us to apply the "escape rule." This rule denies a defendant the right to appeal when, after a conviction, the defendant attempts to escape justice. *State v. Bailey*, 848 S.W.2d 611, 612 (Mo. App. E.D.1993). Defendant urges us not to apply the escape rule because the motion court, which was in the best position to determine the adverse effect of his failure to appear, did not deny his Rule 29.15 motion based on the escape rule.

Defendant misstates the motion court's ruling. The motion court's first conclusion of law says, "Movant is not entitled to post conviction relief due to the application of the escape rule. *[Stradford v. State]*, 787 S.W.2d 832 (Mo.App.1990). Movant's pro se and amended motions are therefore denied." Only after applying this rule did the motion court *ex gratia* review defendant's claims.

Dismissing an appeal under the escape rule is appropriate where the escape adversely affects the criminal justice system. *State v. Troupe*, 891 S.W.2d 808, 811 (Mo.banc 1995). The determination of adverse affect is left to the sound discretion of the appellate court. *Id.*

In the case before us, defendant was not recaptured for more than ten weeks. In *Bailey*, the defendant failed to appear on May 10. He was recaptured on June 20, approximately six weeks later. In *Bailey*, this court applied the escape rule and dismissed the defendant's appeal.

Here, the length of escape exceeds that in *Bailey*. Application of the rule is appropriate. Appeal dismissed.

CRAHAN, P.J., and HOFF, J., concur.