STATE of Missouri, Respondent,

v.

John I. BUFF, Appellant.

No. ED 77440.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 2000.

Lisa M. Stroup, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stacy L. Anderson, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, John Buff, ("appellant"), appeals from the judgment of conviction entered by the Circuit Court of the City of St. Louis after a jury found him guilty of one count of assault in the first degree, Section 565.050, RSMo 1994 [1], and one count of armed criminal action, Section 571.015. The trial court found appellant to be a prior and persistent offender pursuant to Section 558.016, and sentenced him to two consecutive thirty-year terms of imprisonment. We dismiss.

This case went to trial before a jury on August 2, 1999. The state rested its case on August 3, 1999, and the defense began presenting its case that same day. On August 4, 1999, appellant failed to appear for trial at which time the following exchange occurred:

> **The Court:** The record should reflect that it is about 9:10 or 9:12 A.M. and the defendant is nowhere to be seen. Mr. Schwartz, I believe that was one of the topics you wanted to talk about.
>
> **Mr. Schwartz** [defense counsel]: The court has given me or informed me of its intention to proceed in absentia of the defendant. I would object to proceeding without the defendant as it is obviously an integral phase of the trial and he has a right to be present. A capias has been issued. I would ask that the proceedings be halted at this particular time.
>
> **The Court:** As you indicated the court has indicated an intent to proceed in absentia. Mr. Buff was here during the beginning of the trial. He is on bond. It is his responsibility to be here. The court can only assume at this point that Mr. Buff has voluntarily chosen to absent himself from these proceedings so the Court does intend to proceed in absentia. So your motion is overruled.

The court also noted it had based its decision on information given by the prosecutor in conference that the appellant was at his girlfriend's the night before and slipped out sometime during the night,

1. All statutory references are to RSMo 1994, unless otherwise indicated.

taking all his belongings. The defense continued with its case in appellant's absence. The case was then argued and submitted to the jury. The jury returned their verdict that same day. Approximately six weeks later, authorities apprehended appellant. His sentencing was held on January 28, 2000.

Appellant raises six points on appeal. We find the "escape rule" is applicable and dismiss his appeal.

 Missouri courts have consistently held that a defendant who escapes or flees the jurisdiction of its courts either during trial or in the process of post-trial proceedings forfeits his rights to an appeal on the merits of the case. *See, e.g., State v. Gilmore,* 727 S.W.2d 469 (Mo.App. E.D.1987); *State v. Jackson,* 928 S.W.2d 894 (Mo.App. E.D.1996). Dismissing an appeal under the escape rule is appropriate where the escape adversely affects the criminal justice system. *State v. Troupe,* 891 S.W.2d 808, 811 (Mo.banc 1995). The determination of adverse affect is left to the sound discretion of the appellate court. *Id.*

In *State v. Bailey,* the defendant failed to appear at his sentencing. 848 S.W.2d 611, 612 (Mo.App. E.D.1993). He was captured approximately six weeks later. *Id.* This court applied the escape rule and dismissed the defendant's appeal. *Id.* We believe *Bailey* is similar to the case at hand and find it is appropriate to apply the escape rule in this case. Appellant was at large for approximately six weeks. This escape resulted in a six-month delay between conviction and sentencing. In addition, the court was compelled to issue a capias warrant; resulting in the enlistment of law enforcement to locate the appellant. This was clearly a burden, adversely affecting the criminal justice system.

Based on the foregoing, appellant's appeal is dismissed.

CRAHAN, J., and DRAPER, J., concur.