**STATE of Missouri, Respondent,**

v.

**Bryan CRUMP Appellant.**

**No. ED 82624.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 2, 2004.

Andrea K. Spillars, Charnette Douglass (co-counsel), Jefferson City, MO, for respondent.

Gwenda R. Robinson, St. Louis, MO, for appellant.

### *OPINION*

GLENN A. NORTON, Presiding Judge.

Bryan Crump appeals the judgment entered on his felony conviction for second-degree drug trafficking. We dismiss the appeal under the escape rule.

### I. BACKGROUND

A jury found Crump guilty on a drug trafficking charge, and the court set a sentencing date. Crump failed to appear at the sentencing, and the court issued a *capias* warrant for his arrest. Crump was eventually apprehended and sentenced. Over ten weeks had elapsed between the original sentencing date and the date he was actually sentenced.

### II. DISCUSSION

A defendant who escapes or flees the jurisdiction of the court either during

trial or in the process of post-trial proceedings forfeits his rights to an appeal on the merits of the case. *State v. Buff,* 34 S.W.3d 856, 857 (Mo.App. E.D.2000). A defendant's failure to appear constitutes an "escape" for purposes of applying the escape rule. *State v. Voyles,* 823 S.W.2d 143, 145 (Mo.App. E.D.1992). The rule is properly applied when it is determined that the escape adversely affected the criminal justice system. *State v. Troupe,* 891 S.W.2d 808, 811 (Mo. banc 1995). This determination is left to the sound discretion of the appellate court. *Id.*

■ In *Fogle v. State,* the defendant's failure to appear resulted in a seven-week delay between the original and actual sentencing date and necessitated the filing of a *capias* warrant for his arrest. 99 S.W.3d 63, 65. This Court applied the escape rule and dismissed the defendant's appeal. *Id.; see also State v. Bailey,* 848 S.W.2d 611 (Mo.App. E.D.1993) (escape rule applied when defendant's failure to appear resulted in six-week delay between original and actual sentencing date). Here, Crump's failure to appear caused more than a ten-week delay between the original and actual sentencing date, necessitated the filing of a *capias* warrant for his arrest and required the efforts of law enforcement to locate and apprehend him. Crump's actions adversely affected the criminal justice system.

### III. CONCLUSION

The appeal is dismissed.[1]

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.

1. Crump's *pro se* supplemental filing requesting this Court to order respondent to produce a lab report and transcripts is denied.