**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Darren K. VAUGHN,**
**Defendant/Appellant.**

**No. ED 88574.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 22, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Wilson Corman, Asst. Atty. Gen., Jefferson City, for Plaintiff/Respondent.

Lisa M. Stroup, St. Louis, for Defendant/Appellant.

SHERRI B. SULLIVAN, Judge.

### Introduction

Darren K. Vaughn (Appellant) appeals from the trial court's judgment entered upon a jury verdict finding him guilty of two counts of first-degree robbery and two counts of armed criminal action. We dismiss.

### Factual and Procedural Background

Viewed in the light most favorable to the verdict, the facts presented at trial are as follows. On the morning of February 21, 2004, Johnathon Buschjost (Buschjost), Michael Jobe (Jobe), and Crystal Koelling (Koelling) were walking back to their hotel after a night out in downtown St. Louis. Buschjost was walking behind Koelling and Jobe. Buschjost noticed a man, Appellant, was following them, and so he turned around and confronted him. Appellant pulled out a gun and told Buschjost to look at the ground. Appellant took Buschjost's wallet, but Jobe did not have any money, so Appellant struck him on the side of the head with the gun until Jobe was unconscious. Appellant ran off.

The police located an individual, Appellant, at the MetroLink station matching the victims' description. The police brought Appellant to the police car where Buschjost identified him as the man who robbed him. The police found Buschjost's wallet in Appellant's pocket.

Appellant was arrested and charged, as a prior offender, with two counts of first-degree robbery and two counts of armed criminal action. Appellant appeared for trial, which began on March 20, 2006. On the third day of trial, March 22, Appellant failed to appear. The trial court and counsel had the following discussion regarding Appellant's absence.

> Court: It's 11:20. Yesterday when court concluded the parties were told to return at 10 o'clock. Actually I think the lawyers were told to return at nine o'clock.
>
> Counsel: Yes, Judge.
>
> Court: The defendant has not appeared. Mr. Bird, do you have any knowledge of any reason why the defendant did not appear this morning?
>
> State: No, Your Honor.
>
> Court: You're not aware of any threats against him to deter him from appearing?
>
> State: No.
>
> Court: Mr. Bruns, are you aware of any reason that would justify the defendant's failure to appear here this morning?
>
> Counsel: I have no knowledge of the defendant's whereabouts or why he's not here.
>
> Court: The Court finds that the defendant has voluntarily waived his presence at the conclusion of the trial. Let's go off the record.

The case was then argued and submitted to the jury. The jury returned its verdict that same day, finding Appellant guilty as charged. Defense counsel filed a motion for new trial. Four months later, Appellant was apprehended. Sentencing was

held on August 11, 2006. The trial court denied Appellant's motion for new trial, and sentenced him to nine years on the armed criminal action counts, and fifteen and twenty years on the robbery counts, to be served concurrently. This appeal follows.

## Points on Appeal

Appellant presents two points on appeal. In his first point, he contends that the trial court erred in denying his request for a mistrial when the prosecutor asked him on cross-examination, "You have a robbery, the same type of charge, from Mississippi, correct?" because the state was eliciting propensity, not impeachment evidence, in that the prosecutor equated Appellant's prior conviction with the charged offenses of first-degree robbery, thus depriving Appellant of his due process rights to a fair trial. Appellant maintains that he was prejudiced by the trial court's error because the jurors convicted him of two counts of first-degree robbery because they believed that he had the propensity to not only to rob people by using a gun, but also by using the gun to assault a complaining witness.

In his second point, Appellant claims that the trial court erred in denying his request for a mistrial and in proceeding with his trial on March 22, 2006, in his absence, because the trial court did not establish that his absence was willful or voluntary, in that the court gave neither Appellant nor his counsel an opportunity to present evidence to explain Appellant's absence.

## Discussion

■ The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. *Wagner v. State*, 172 S.W.3d 922, 924 (Mo.App. E.D.2005). The escape rule applies to errors that occur prior and up to the time of escape, but errors occurring after recapture remain appealable. *Id.* In applying the escape rule, the relevant inquiry is whether the escape adversely affected the criminal justice system, and if so, then dismissing the appeal is appropriate. *Id.* Application of the escape rule is within our sound discretion. *Id.*

■ We conclude that Appellant's failure to appear in court adversely affected the criminal justice system. His failure to appear in court on the third morning of his trial caused a four-month delay in this case.

Although the trial continued in Appellant's absence and concluded on March 22, 2006, Appellant's motion for new trial and sentencing was delayed for four months as a result of Appellant's absconding. Furthermore, the trial court had to issue a capias warrant for Appellant after his escape from the jurisdiction and law enforcement had expend resources to track him down. As such, the criminal justice system was adversely affected by Appellant's escape. See *State v. Buff*, 34 S.W.3d 856, 857 (Mo.App. E.D.2000) (Defendant's escape adversely affected criminal justice system, and thus, appeal would be dismissed, where defendant did not appear on last day of trial and was at large for six weeks, escape resulted in six-month delay between conviction and sentencing, and court was compelled to issue capias warrant).

Application of the escape rule is appropriate in this case due to Appellant's flouting the authority of the courts from which he now seeks relief. Since none of the claims raised in Appellant's appeal concern alleged errors occurring after his recapture, his escape from justice waives his right to appeal.

## Conclusion

The appeal is dismissed.

ROY L. RICHTER, P.J., and KATHIANNE KNAUP CRANE, J., concur.