STATE of Missouri, Respondent,

v.

Ronald MCCARTNEY, Appellant.

No. ED 92416.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 17, 2009.

Nancy A. McKerrow, Columbia, MO, for appellant.

Chris Koster, Richard A. Starnes, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Ronald McCartney ("Defendant") was convicted by a jury of one count of possession of controlled substance with intent to distribute ("Count I"), in violation of section 195.211 RSMo 2000 and one count of unlawful possession of an illegal weapon ("Count II"), in violation of section 571.020 RSMo 2000.[1] The trial court sentenced Defendant as a prior offender to a term of five years' imprisonment for each count, to run concurrently. Defendant appeals from these convictions. We dismiss the appeal.

Viewed in the light most favorable to the verdicts, the facts are as follows. Based on an undercover investigation of drug sales, police officers of the Warren County Sheriff's Department executed a search warrant on the residence of Defendant and Patty McCartney ("Wife") on March 28, 2007. At that time Defendant and Wife lived at the Brookview Senior Apartments, a government-subsidized complex. After being advised of his rights, Lieutenant Steve Schoenfeld asked Defendant if there were any weapons on the premises, and Defendant informed him that there was a shortened .22 rifle in the bedroom, which was located in a nightstand by the bed. Defendant told Lieutenant Schoenfeld that the man from whom he had obtained the gun had shortened the barrel, and that he, Defendant, had modified the stock of the rifle. The officers also found a bag containing $368 in small bills in the nightstand, as well as a green notebook that contained ledger entries with first names and dollar amounts. Many of the names were recurring entries. Individual bags of marijuana were found in two locations: a coffee can in the kitchen with seven bags and in a dog food bag in the bedroom closet also holding seven bags with slightly larger amounts of marijuana than those found in the coffee can.

Defendant was charged as a prior offender with possession of a controlled substance with intent to distribute, in violation of section 195.211, and unlawful possession of a weapon, in violation of section 571.020.1. At trial, the parties stipulated that the material found in the bags was marijuana, and they stipulated that the handwriting in the notebook was that of

---

1. Unless noted otherwise, all further statutory citations are to RSMo 2000.

Defendant. Several law enforcement officials testified, as did Defendant, Wife, and two of their neighbors.

The jury returned verdicts of guilty on the two counts. The trial court entered judgment, sentencing Defendant to a term of five years' imprisonment on Count I and a term of five years' imprisonment on Count II, to run concurrently. The trial court granted Defendant a one-week furlough to wind up his affairs until January 13, 2009. Defendant failed to turn himself into the Warren County Sheriff's Department on January 13, 2009, as ordered by the court. The following day the trial court issued a warrant for Defendant's arrest. Defendant was at liberty until May 26, 2009, at which time he was arrested on the warrant.

Defendant now appeals.

The State argues that this appeal should be dismissed pursuant to the escape rule. "The escape rule operates to deny the right of appeal to a defendant who escapes justice." *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). The decision to apply the escape rule or not rests within the discretion of the appellate court. *State v. Shuey*, 193 S.W.3d 811, 813 (Mo.App.2006). This Court has the authority to dismiss the appeal of a defendant if, after conviction, he has absconded. *See State v. Smith*, 815 S.W.2d 74, 75 (Mo.App.1991). The application of the escape rule does not violate a defendant's constitutional rights because there is no right to appeal a criminal conviction. *Id.* at 813–14 (citing *Randol v. State*, 144 S.W.3d 874, 876 (Mo.App.2004)). The pertinent inquiry is whether the escape adversely affected the criminal justice system. *Id.* (quoting *Troupe*, 891 S.W.2d at 811). In the present case, Defendant's failure to appear on January 13, 2009 caused more than a sixteen-week delay, necessitated the filing of a warrant for his

arrest and required the efforts of law enforcement to find and apprehend him. Defendant's actions adversely affected the criminal justice system. *See State v. Crump*, 128 S.W.3d 642, 643 (Mo.App. 2004).

The appeal is dismissed.

KATHIANNE KNAUP CRANE, P.J., and NANNETTE A. BAKER, J., concur.