

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED102583 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | 11AB-CR01094-01 |
| | ) | |
| JAMES E. SPURGEON, | ) | Honorable Isidore I. Lamke |
| | ) | |
| Appellant. | ) | Filed: February 23, 2016 |

James Spurgeon ("Appellant") appeals the judgment entered after a bench trial convicting him of one count of driving while intoxicated, one count of operating a motor vehicle in a careless and imprudent manner, and one count of failing to maintain financial responsibility. We dismiss the appeal.

## I. BACKGROUND

Appellant was charged with one count of driving while intoxicated, one count of operating a motor vehicle in a careless and imprudent manner, and one count of failing to maintain financial responsibility. Appellant was tried at a bench trial on January 14, 2014, which produced the following facts, viewed in the light most favorable to the verdict.

Missouri State Highway Patrol Trooper Matthew Mistler arrested Appellant for driving while intoxicated on June 5, 2010, after Appellant was involved in an accident on Missouri Highway 47 in Franklin County. When Trooper Mistler made the arrest, Appellant was

unconscious in the hospital following the accident. Trooper Mistler read the Missouri implied consent law[1] to Appellant and orally requested a blood sample. Hospital personnel retrieved the blood sample while Appellant was still unconscious and unresponsive, and a blood alcohol test was performed.

Prior to trial, Appellant filed a motion to suppress the results of the blood alcohol test. The trial court denied the motion, and evidence of Appellant's blood alcohol test was admitted at trial over Appellant's objection. The trial court ultimately found Appellant guilty on all counts. The trial court also found Appellant was a prior and persistent offender, based on two prior convictions for driving while intoxicated.

Sentencing was set for July 29, 2014, but Appellant did not appear on that date. Sentencing was continued to August 12, 2014, and Appellant was ordered to appear but did not. A capias warrant was issued, and Appellant was subsequently arrested in Los Angeles, California. Appellant appeared before the trial court, in custody, on November 25, 2014, and the trial court re-set sentencing for January 27, 2015. Appellant was sentenced on that date to concurrent sentences of three years' imprisonment for driving while intoxicated, six months in jail for operating a motor vehicle in a careless and imprudent manner, and fifteen days in jail for failing to maintain financial responsibility. This appeal followed.

## II.    DISCUSSION

In his sole point on appeal, Appellant asserts the trial court erred in denying his motion to suppress the results of the blood alcohol test and admitting the evidence at trial. We need not address the merits of Appellant's claim, as we dismiss his appeal.

---

[1] Section 577.041 RSMo Supp. 2009. This section has been subsequently amended, but those amendments are not relevant to the dates at issue in this appeal.

"The escape rule operates to deny the right of appeal to a defendant who escapes justice." *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). The doctrine originally dates back to *State v. Carter*, 11 S.W. 979 (Mo. 1889). *Troupe*, 891 S.W.2d at 810. The Western District articulated the rationale for the doctrine in *State v. Wright*, 763 S.W.2d 167, 168-69 (Mo. App. W.D. 1988):

> Those who seek the protection of this legal system must [] be willing to abide by its rules and decisions. [The defendant] comes before this court seeking vindication of her Fourth Amendment rights. Earlier, however, when she absconded she showed her reluctance to accept the decision of the trial court or to await the vindication of her rights by this court. She may not selectively abide by the decisions of the courts. By absconding, she has forfeited her right to appeal.

(citations omitted).

The decision whether or not to apply the escape rule rests within the discretion of the appellate court. *State v. McCartney*, 297 S.W.3d 924, 926 (Mo. App. E.D. 2009). We have the authority to dismiss the appeal of a defendant if, after conviction, he has absconded. *Id*. "The application of the escape rule does not violate a defendant's constitutional rights because there is no right to appeal a criminal conviction." *Id*.

In this case, Appellant's single point on appeal claims error that allegedly occurred prior to and during the guilt phase of his trial, while Appellant's escape occurred after that phase of the trial had ended. The escape rule applies to alleged errors that occurred prior to the escape. *State v. Boone*, 409 S.W.3d 595, 597 (Mo. App. S.D. 2013). A criminal defendant's failure to appear for a sentencing hearing constitutes an "escape" under the rule. *Wagner v. State*, 172 S.W.3d 922, 924 (Mo. App. E.D. 2005). Furthermore, application of the escape rule is not dependent on the alleged merits of an appellant's underlying claim. *Boone*, 409 S.W.3d at 598. Rather, the relevant inquiry in determining whether to apply the escape rule is deciding whether the

defendant's escape adversely affected the criminal justice system. *Id*.; *McCartney*, 297 S.W.3d at 926.

Here, Appellant twice failed to appear for sentencing. The trial court was forced to issue a capias warrant, and law enforcement had to locate and apprehend Appellant out of state and transport him back to Missouri. The trial court had to schedule three sentencing hearings, resulting in a delay of nearly six months. Appellant's actions in absconding from justice adversely impacted the criminal justice system, warranting application of the escape rule. *See Wagner*, 172 S.W.3d at 924 (holding a failure to appear for sentencing constitutes an "escape" under the rule); *McCartney*, 297 S.W.3d at 926 (holding application of the escape rule was warranted where defendant failed to turn himself in after sentencing, necessitating a warrant for his arrest and efforts by law enforcement to find and apprehend him, causing a sixteen-week delay in the proceedings).

### III. CONCLUSION

The appeal is dismissed.

ROBERT M. CLAYTON III, Presiding Judge

Lawrence E. Mooney, J., and
James M. Dowd, J., concur.

4