

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED103162 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of the |
| | ) | City of St. Louis |
| v. | ) | 1222-CR02054-01 |
| | ) | |
| DARIUS HALL, | ) | Honorable Thomas J. Frawley |
| | ) | |
| Appellant. | ) | Filed:  August 23, 2016 |

Darius Hall ("Defendant") appeals from the judgment of his conviction of resisting a

lawful stop, a Class D felony, in violation of Section 575.150 (RSMo 2000).  We dismiss

pursuant to the escape rule.

## BACKGROUND

On April 9, 2012, Sergeant Kelly Fisher ("Sergeant Fisher") was surveilling a silver

Mustang—listed on the St. Louis Metropolitan Police Department's "hot sheet" as a stolen

vehicle.  To stop the vehicle, officers deployed spike strips to deflate its tires.  Three tires were

punctured, and the vehicle stopped in the middle of the street.  Sergeant Fisher pulled up to the

vehicle, flaring her lights and sirens, but the driver sped off, entering southbound Highway I-55.

The vehicle eventually stopped on the left shoulder, partially blocking the left lane.  Defendant

exited from the driver's side and fled on foot.  Officers pursued and captured Defendant.

Thereafter, Defendant was charged with resisting a lawful stop.  Defendant, while out of

jail on a $750 cash-bond, failed to appear for his plea hearing.  A *capias* warrant was issued, but

was not served on Defendant until over a year later. At the next scheduled plea hearing, Defendant offered various excuses why he failed to appear in the first instance. Defendant again posted bond, and the case was ultimately set for a bench trial.

At the December 2013 bench trial, the court found Defendant guilty of resisting a lawful stop. Sentencing was scheduled for January 31, 2014, and Defendant again failed to appear. Another *capias* warrant was issued, but was not served until November 2, 2014. Defendant was taken into custody, and was given a sentence of five years. This appeal follows.

## DISCUSSION

Defendant submits one point on appeal, asserting the trial court clearly erred in overruling his motion for judgment of acquittal and for convicting him of the class D felony of resisting a lawful stop, in violation of his right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, section 10 of the Missouri Constitution. Specifically, Defendant contends the evidence failed to establish that he fled in a manner that created a substantial risk of serious physical injury or death, and so the imposition of a sentence for the felony charge was improper.

### *Analysis*

The State argues Defendant's appeal should be dismissed pursuant to the escape rule. We agree. "The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." Crawley v. State, 155 S.W.3d 836, 837 (Mo. App. E.D. 2005). A defendant who escapes or flees the jurisdiction of the court either during trial or in the process of post-trial proceedings forfeits his rights to an appeal on the merits of the case. State v. Crump, 128 S.W.3d 642, 642-643 (Mo. App. E.D. 2004). A defendant's failure to appear constitutes an 'escape' for purposes of applying the escape rule. Id.

Determining whether to invoke the escape rule is left to the sound discretion of the appellate court. State v. Troupe, 891 S.W.2d 808, 811 (Mo. banc 1995). A reviewing court may invoke procedural rules to protect the orderly and efficient use of its resources. Id. In applying the escape rule, the relevant inquiry is whether the escape adversely affects the criminal justice system. If so, dismissing the escapee's appeal is appropriate. Id.

In Crump, the defendant's failure to appear "caused more than a ten-week delay between the original and actual sentencing date, necessitated the filing of a *capias* warrant for his arrest and required the efforts of law enforcement to locate and apprehend him." 128 S.W.3d at 643. These actions "adversely affected the criminal justice system." Id.

Here, as both Defendant and the State recognize in their briefs, Defendant's failure to appear for his sentencing hearing caused an exorbitantly long delay—over nine months—in the adjudication of his case. His absence required the court and law enforcement to spend additional resources. This was the second such delay, as Defendant's first *capias* warrant went unserved for almost a year. Lest we forget, Defendant was charged with resisting a lawful stop—because he recklessly fled from the officers. Flight is Defendant's habit, and his case is exactly the reason why the escape rule exists. Those who seek protection from the legal system must be willing to abide by all the rules and decisions of that legal system. Troupe, 891 S.W.2d at 810.

## CONCLUSION

In the exercise of this court's sound discretion, we conclude the escape rule should be applied and Defendant's appeal shall be dismissed.

_____
Lisa P. Page, Judge

Robert M. Clayton III, P.J., Mary K. Hoff, J., _____.

3