GARY W. LYNCH, J.
Jarred Wayne Kelsall ("Defendant") was charged with one count of possession of a controlled substance, see section 195.202, and one count of tampering with physical evidence, see section 575.100.[1] The case went to trial on September 8, 2016, and a jury found Defendant guilty of the charged offenses. Following the verdict, Defendant was ordered to appear in court for a sentencing hearing at 9:00 a.m. on November 21, 2016, and, at his request, was released on bond. Defendant, however, failed to appear for his scheduled sentencing. The trial court ordered the issuance of a capias warrant, which was then served on Defendant nine days later on November 30, 2016. Another twelve days passed before Defendant appeared in court on December 12, 2016, at which time his post-trial motions were taken up and denied and sentences were entered.
Defendant now appeals his judgments of conviction, contending in three points that his convictions were unsupported by sufficient evidence. The State responds that Defendant's appeal should be dismissed pursuant to the "escape rule" because of his failure to voluntarily appear for his sentencing hearing as ordered by the court. We agree with the State.
The escape rule is a judicially-created doctrine, the primary purpose of which is to deny the right of appeal to a defendant who escapes justice. State v. Troupe , 891 S.W.2d 808, 809 (Mo. banc 1995). A defendant's failure to appear constitutes "escape" for purposes of applying the escape rule.
*357 State v. Crump , 128 S.W.3d 642, 642-43 (Mo. App. 2004). The escape rule is applicable to alleged errors occurring before a defendant's escape. State v. Marsh , 248 S.W.3d 648, 650 (Mo. App. 2008). As is the case here, this court is authorized to dismiss an appeal if the defendant fails to appear for sentencing. See Portis v. State , 214 S.W.3d 349, 350 (Mo. App. 2007) ("Willful failure to appear for sentencing invokes the escape rule.").
The application of the escape rule is discretionary. State v. Hall , 504 S.W.3d 88, 90 (Mo. App. 2016). In deciding whether to apply it, the relevant inquiry is whether the defendant's escape adversely affects the criminal justice system. Id. The escape rule has been justified on many grounds, including: (1) the need for a court to have control over a defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. State v. Brown , 974 S.W.2d 630, 632 (Mo. App. 1998).
Here, Defendant offered the trial court no evidence that his escape from sentencing was for any reason other than his willful disobedience of the trial court's order to appear at 9:00 a.m. on November 21, 2016. In his reply brief, responding to the State's request to apply the escape rule, Defendant offers no explanation for why he failed to appear for sentencing. In the absence of credible evidence that Defendant's failure to appear for sentencing was not willful, we determine justifications four through seven, supra , are applicable. See, e.g. , State v. Boone , 409 S.W.3d 595, 598 (Mo. App. 2013). Because Defendant escaped from sentencing, a capias warrant was issued for Defendant's arrest, law enforcement resources had to be expended to execute the warrant, and Defendant's sentencing hearing was delayed three weeks. See id. Dismissing Defendant's appeal discourages other defendants from attempting an escape from sentencing and preserves respect for the criminal justice system. See id.
In his reply brief, Defendant argues that "this Court does not have the authority to dismiss his appeal because a specific Missouri statutory provision, section 547.070 [ (providing "[i]n all cases of final judgment ... an appeal to the proper appellate court shall be allowed to the defendant") ], forbids it." Defendant is incorrect-the statutory right to appeal may be waived under various circumstances, including those present in this case. See, e.g. , Garris v. State , 389 S.W.3d 648, 651 (Mo. banc 2012) (guilty plea); State v. Castro , 417 S.W.3d 390, 391 (Mo. App. 2014) (voluntary payment of fine); State v. Vaughn , 223 S.W.3d 189, 191 (Mo. App. 2007) (escape).
Pursuant to the escape rule, Defendant's appeal is dismissed.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, JR., J.-concurs

References to section 195.202 are to RSMo Cum.Supp. 2011. References to section 575.100 are to RSMo 2000.