

## Missouri Court of Appeals
### Southern District
#### Division Two

STATE OF MISSOURI,          )
                                     )
          Respondent,     )
                                     ) No. SD36594
    vs.                          )
                                   ) FILED: March 22, 2021
JAMES W. FREEMAN,      )
                                     )
          Appellant.      )

APPEAL FROM THE CIRCUIT COURT OF WEBSTER COUNTY

Honorable David T. Tunnell, Judge

**APPEAL DISMISSED**

James Freeman ("Defendant") appeals his conviction of driving while intoxicated as an aggravated offender, *see* sections 577.010 and 577.023.[1] Defendant was found guilty of that offense by a jury on August 25, 2010. After approving and accepting the jury's verdict, the trial court set Defendant's sentencing for October 18, 2010, and, at Defendant's request, released him from custody until that date on his previously posted appearance bond. On October 18, 2010, Defendant failed to appear at his sentencing hearing, and the trial court issued a warrant for his arrest. Over nine years later, on January 22, 2020, Defendant was arrested in Oklahoma and then

---

[1] References to section 577.010 are to RSMo 2000. References to section 577.023 are to RSMo Cum. Supp. 2008. Rule references are to Missouri Court Rules (2020), unless otherwise indicated.

1

extradited to Missouri.  On February 24, 2020, the trial court sentenced Defendant to eight years imprisonment in the Department of Corrections.  This appeal timely followed.

Defendant claims in his sole point on appeal that the trial court committed plain error in failing to *sua sponte* instruct the jury to disregard a law enforcement officer's testimony that he administered a preliminary breath test to Defendant.  The State responds that Defendant's appeal should be dismissed pursuant to the "escape rule" because of his failure to appear for sentencing. We agree with the State.

"The escape rule is a judicially-created doctrine, the primary purpose of which is to deny the right of appeal to a defendant who escapes justice." *State v. Hogan*, 610 S.W.3d 417, 419 (Mo.App. 2020).  A defendant's failure to appear at a sentencing hearing is an "escape" under the rule.  *State v. Spurgeon*, 482 S.W.3d 479, 481 (Mo.App. 2016).   The escape rule applies to alleged errors occurring *before* a defendant's escape.[2]  *State v. Kelsall*, 545 S.W.3d 355, 357 (Mo.App. 2018).  Application of the rule "does not violate a defendant's constitutional rights because neither a right to appeal a conviction nor a right to a state post-conviction proceeding exists." *Echols v. State*, 168 S.W.3d 448, 451 (Mo.App. 2005).[3]

This court is authorized to dismiss an appeal if the defendant fails to appear for sentencing.  *Kelsall*, 545 S.W.3d at 357.  Application of the rule is based on the fundamental

---

[2] The escape rule does not apply to errors that occur *after* the defendant is returned to custody.  *Shearin v. State*, 440 S.W.3d 586, 588 (Mo.App. 2014).

[3] In his reply brief, Defendant argues that the application of the escape rule violates the due process clause of the Fourteenth Amendment of the U.S. Constitution.  Defendant is incorrect.  Both Missouri courts and the United States Supreme Court have held that application of the rule does not violate a defendant's due process rights "[b]ecause due process does not require a State to provide an appellate process at all[.]  *Wartenbe v. State*, 583 S.W.3d 115, 122 (Mo.App. 2019) (quoting *Goeke v. Branch*, 514 U.S. 115, 120 (1995)).  Additionally, none of Defendant's cited escape rule cases support his position.  In *Kelsall*, our court determined that the escape rule was applicable where a defendant failed to appear at sentencing and was arrested nine days later after a capias warrant was issued. 545 S.W.3d at 357.  Similarly, in *State v. Vaughn*, 223 S.W.3d 189 (Mo.App. 2007), the court determined that the escape rule should apply where the defendant failed to appear at trial and caused a four-month delay in his trial.  *Id.* at 191.  Neither case stands for the proposition that applying the escape rule violates a defendant's due process rights.

principle that "[t]hose who seek the protection of this legal system must … be willing to abide by its rules and decisions." *State v. Wright*, 763 S.W.2d 167, 168-69 (Mo.App.1988). Courts have advanced several justifications for the escape rule, including: (1) the need for a court to have control over a defendant before making a decision on appeal; (2) curtailment of administrative problems caused by the defendant's absence; (3) preventing prejudice to the State in the event of remand for a new trial; (4) preventing defendants from selectively abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts. *Hogan*, 610 S.W.3d at 419. The decision to apply the escape rule rests within the sound discretion of this Court and applies to appeals on the merits as well as to motions for post-conviction relief. *Wagner v. State*, 172 S.W.3d 922, 924 (Mo.App. 2005). "In deciding whether to exercise our discretion to apply the escape rule, the relevant inquiry is whether the defendant's escape adversely affects the criminal justice system." *Hogan*, 610 S.W.3d at 419.

Here, Defendant's almost ten-year escape from justice adversely affected the criminal justice system. *See State v. Troupe*, 891 S.W.2d 808, 811 (Mo. banc 1995) (holding that a delay of more than eight months had an adverse impact on the criminal justice system warranting dismissal). No evidence in the record suggests, much less supports, that Defendant's failure to appear was for any reason other than a willful attempt to avoid serving his sentence. *See Kelsall*, 545 S.W.3d at 357 (absence of credible evidence that Defendant's failure to appear for sentencing was not willful, supports application of escape rule justifications four through seven, *supra*). Defendant eluded the authorities for nearly a decade and had to be extradited from Oklahoma to Missouri. Allowing a defendant to invoke the protections of the legal system after nearly a decade of flouting that system's authority would encourage criminal defendants to

speculate on the chance of reversal while keeping out of the reach of justice. *See Troupe*, 891 S.W.2d at 811. It also prejudices the State since, if we were to remand, evidence and witnesses may no longer be available and memories fade. *See id.* In effect, it would permit a defendant to benefit from his own misconduct. Dismissing Defendant's appeal, on the other hand, discourages defendants from escaping from justice and preserves respect for the criminal justice system. *Kelsall*, 545 S.W.3d at 357.

Because Defendant's escape prejudiced the criminal justice system, we apply the escape rule and dismiss his appeal.

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS