

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110944 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| v. | ) | Cause No. 20SF-CR00792-01 |
| | ) | |
| ANGELA BROWN, | ) | Honorable Wendy W. Horn |
| | ) | |
| Appellant. | ) | Filed: September 26, 2023 |

Angela Brown appeals from the judgment convicting her of possession of a controlled substance and sentencing her as a prior and persistent offender to five years' imprisonment. Brown claims the circuit court erred in overruling her motion to suppress and admitting her statements at trial. Based upon application of the escape rule, Brown's appeal is dismissed.

## Factual and Procedural Background

In February 2020, a police officer stopped a truck in which Brown was a passenger. The officer requested permission to search the truck, and the driver consented. The officer discovered various drug paraphernalia as well as a syringe loaded with a clear liquid. Brown conceded responsibility for the paraphernalia, but denied it belonged to her. Subsequent testing showed the liquid was methamphetamine. The State charged Brown as

a prior and persistent offender with possession of a controlled substance and drug paraphernalia. Following a jury trial, the circuit court convicted her of possession of a controlled substance.

The circuit court released Brown on bond and ordered her to appear in court for sentencing in January 2022. The circuit court also informed Brown there could be a wide range of consequences for failing to follow its instructions.

Brown, however, failed to appear for numerous sentencing and bond revocation hearings set by the circuit court. When Brown failed to appear for her sentencing in January, the circuit court continued the sentencing hearing until February without revoking bond. After Brown failed to appear for sentencing three additional times, the circuit court, frustrated by Brown's continued failure to appear, revoked Brown's bond, scheduled a bond forfeiture hearing, and issued a *capias* warrant for her arrest.

Brown failed to appear at the bond forfeiture hearing, and the circuit court continued the hearing. Brown then failed to appear for three additional bond hearing settings.

Finally, Brown was arrested in August 2022, nearly seven months after the originally scheduled sentencing date. At her sentencing hearing, Brown requested probation, but the circuit court sentenced her to five years' imprisonment. Brown appeals.

**Analysis**

Brown claims the circuit court erred in overruling her motion to suppress and admitting her statements taking responsibility for the drugs and paraphernalia to the officer at trial. The State asserts Brown's appeal should be dismissed in accordance with the escape

rule because she deliberately disregarded the circuit courts' orders, failed to appear eight times for sentencing, and caused a seven-month delay.

"The escape rule operates to deny the right of appeal to a defendant who escapes justice." *State v. Troupe*, 891 S.W.2d 808, 809 (Mo. banc 1995). The escape rule applies to any error which occurs prior to the time of the escape. *State v. McKay*, 519 S.W.3d 886, 888 (Mo. App. 2017). Failure to appear at a sentencing hearing is an "escape" and a sufficient reason to trigger the escape rule. *State v. Freeman*, 619 S.W.3d 550, 552 (Mo. App. 2021).

An appellate court has discretion to apply the escape rule. *State v. Hogan*, 610 S.W.3d 417, 419 (Mo. App. 2020). The pertinent inquiry "is whether the defendant's escape 'adversely affected the criminal justice system.'" *Robinson v. State*, 655 S.W.3d 256, 259 (Mo. App. 2022) (quoting *Terry v. State*, 647 S.W.3d 78, 81 (Mo. App. 2022)). "Application of the escape rule clearly requires a relationship between the escape and prejudice to the criminal justice system." *State v. Thorton*, 930 S.W.2d 54, 56 (Mo. App. 1996). The escape rule may not be applied to dismiss any post-capture errors. *Robinson v. State*, 854 S.W.2d 393, 396 (Mo. banc 1993); *Harmon v. State*, 613 S.W.3d 925, 930 (Mo. App. 2020).

Brown argues this Court should not apply the escape rule because she did not intentionally violate the circuit court's orders to appear for sentencing. Brown claims that she had contracted Covid when she initially was ordered to appear for her sentencing. Brown also claims she was in Wisconsin and it was a "hard winter." Although Brown's

3

counsel stated she did not have any issues communicating with Brown nothing in the record made at the time Brown failed to appear supports any of these assertions.

Brown's failure to comply with the circuit court's order to appear adversely affected the administration of the criminal justice system by delaying her sentencing for nearly seven months. *See State v. Kelsall*, 545 S.W.3d 355 (Mo. App. 2018) (applying the escape rule to dismiss a defendant's appeal after the defendant failed to appear for the sentencing hearing and it was delayed for three weeks); *State v. Spurgeon*, 482 S.W.3d 479 (Mo. App. 2016) (dismissing the defendant's appeal after failing to appear twice for sentencing, issuing a *capias* warrant, and delaying sentencing for almost six months); *State v. McCartney*, 297 S.W.3d 924 (Mo. App. 2009) (dismissing the appeal due to the defendant's failure to appear necessitated a warrant for his arrest and caused a four-month delay in sentencing); *State v. Crump*, 128 S.W.3d 642 (Mo. App. 2004) (dismissal of the defendant's appeal after failing to appear for sentencing caused a ten-week delay and required a *capias* warrant for his arrest). Brown never voluntarily returned, and her conduct resulted in the expenditure of additional, limited law enforcement resources because a *capias* warrant had to be issued for her arrest. Brown's conduct implicates the rationale for the escape rule and justifies its application.

Because Brown's sole point on appeal refers to an alleged error that occurred prior to her escape, the escape rule applies. Dismissal of Brown's appeal reinforces respect for the criminal justice system and discourages other criminal defendants from escaping.

**Conclusion**

The appeal is dismissed.

4

_____
John P. Torbitzky, Judge

Thomas C. Clark II, P.J. and
James M. Dowd, J. concur.